POTTER *vs.* MATHER AND ANOTHER.

Personal property, situated upon land occupied by two persons in common, may be in the exclusive possession of one of them.

A., who occupied a tenement adjoining that of B., and adjacent to both of which was a yard, occupied by them in common, claimed title to a wagon which C. attached as the property of B. On the trial of an action of trespass against C., it appeared that, both at the time of said purchase, and of said attachment, the wagon was standing in said yard, though A. claimed that after the sale, he immediately took and thereafter retained possession of the wagon, until the attachment by C. The court refused to comply with a request of the defendant to charge the jury as matter of law, that there was no change of the possession of said wagon, and, that as against the defendants, the sale was fraudulent and void, but submitted to them, as a question of fact upon all the evidence, whether there had, or had not, been a change of possession. Held, that such course was correct.

THIS was an action of trespass against Talcott Mather, and Seth L. Tinkham, for the taking of a wagon, claimed by the plaintiff, as his property.

The cause was tried before the superior court, at Hartford, October term, 1856.

On the trial, the plaintiff offered evidence to prove that he purchased of his son, Josiah Sanford Potter, the wagon in question, about the 20th day of Dec., 1851, and that it had, until about that time, been kept on the west side of Connecticut river, at a stable occupied by said Sanford, but during the negotiation for its sale to the plaintiff, had been brought over to the other side of the river, and placed in the yard of a house, which contained two distinct tenements; one of which was occupied by the plaintiff and his family, and the other was occupied by the plaintiff's said son, and his family. It was agreed that the house and yard belonged to the plaintiff's said son, that the garden was divided between them, and each occupied his part in severalty, but the yard was occupied in common, so far as the plaintiff had occasion to use the yard, in connection with said tenement. The plaintiff claimed, that upon the completion of

said sale, he took possession of said wagon, and offered evidence to prove that he used the same as his own, and that said · Sanford was not suffered to retain possession of, or use, said wagon in any manner, and that said Sanford did not, in fact, after the sale, exercise any act of ownership over the same, and that, when not in actual use by the plaintiff, it was left near said house, in the yard occupied by the plaintiff, and his said son in common, as aforesaid.

Upon cross examination, the plaintiff could specify only one occasion, on which the wagon had been used by him; and that was the day after the sale. It was also admitted that the wagon, at the time of the sale, and also at the time of the attachment by the defendant, on the 10th of January, 1852, was in said yard, occupied by the parties in common, as aforesaid. The plaintiff also offered evidence to prove that, shortly before the attachment, the said Mather, in answer to enquiries made by him, was informed, by the plaintiff, that he had purchased the wagon of his son, and claimed it as his property, and that the wagon was received by the plaintiff for a debt, due by his son to him; to which the said Mather replied, that he guessed the plaintiff had got pay for his debt, otherwise. It was admitted, that the wagon was attached by the defendant, Tinkham, upon a writ duly issued in favor of the defendant, Mather, and that for such taking, this action was brought.

Upon the foregoing facts, the counsel for the defendants requested the court to charge the jury, that if the wagon, at the time of the attachment, was upon property in the joint possession of the plaintiff and his said son, and in the same place where it was when the sale was made, and during the intermediate time had been left there, except when in actual use by the plaintiff, then there was no change of possession, and the sale was, in point of law, fraudulent and void, as against the defendants, who were attaching creditors, and also that upon all the facts, as admitted and claimed to be

proved by the plaintiff, there was, in point of law, no change of possession.

The court did not so charge the jury, but instructed them that the sale to the plaintiff was not valid, unless accompanied with change of possession, and that the want of such change was, in law, conclusive evidence of fraud, but whether such change had taken place, or not, was a question of fact for the jury to decide, upon all the evidence in the case. The jury returned a verdict for the plaintiff, and the defendants filed a motion for a new trial, and the case was reserved for the advice of this court.

*Welles & Strong*, in support of the motion.

1. The motion shows that there was no change of possession whatever; certainly none which was obvious and apparent. The wagon, on the day of the sale, stood on land belonging to the vendor, the son of the plaintiff, over which the plaintiff had a mere right of passage. It stood in the same place, when taken on the attachment by the officer, the right of the son to the land remaining as at the time of the sale. 2. The possession of the vendor must be exclusive; here, it was a joint possession. The vendor was apparently as much the owner as before the sale. The sale must be followed by a visible, open, substantial change of possession, to hold against attaching creditors. 5 Verm., 54. 5 Verm., 234. 16 Verm., 435. 17 Verm., 271. 3. The facts, being given, it was a question of law, and the court should have charged the jury as requested.

*Chapman* and *Robinson*, contra.

I. The doctrine has been long established, in this state, that the want of change of possession, as between vendor and vendee, is not fraud *per se*, but is, unless satisfactorily explained, conclusive evidence of fraud; as the court below laid down this proposition, omitting the qualifying clause, the charge was favorable to the defendants. *Ingraham* v. *Wheeler*, 6 Conn. R., 277. *Talcott* v. *Wilcox*, 9 Conn. R.,

134. *Toby* v. *Reed,* 9 Conn. R., 216. *Carter* v. *Watkins,* 14 Conn. R., 240. *Osborne* v. *Tuller,* 14 Conn. R., 529. *Crouch* v. *Carrier,* 16 Conn. R., 505. *Kirtland* v. *Snow,* 20 Conn. R., 27.

II. The question of a change of possession was a mere question of fact, and the court properly refused to dictate to the jury what their conclusion ought to be. *Potter* v. *Payne,* 21 Conn. R., 362. *Kendall* v. *Fitts,* 2 Foster, (N. H.) 1.

III. If the court had taken jurisdiction of the question of fact, the judge would have been bound to find that the plaintiff furnished abundant evidence of a change of possession.

HINMAN, J. The plaintiff claims title to the wagon, for taking which this suit is brought, under a purchase from his son, and the defendants claim it under an attachment against the son, made subsequent to the purchase. The plaintiff and his son occupied, in severalty, adjoining tenements, but there was a yard in connection with the tenements, occupied by them in common, so far as they had occasion to use it. The wagon, at the time of the purchase, and also at the time it was attached, was standing in this yard, though the plaintiff claimed to have taken immediate possession of it after the sale, and to have used it, and to have remained in the exclusive possession, up to the time of the attachment. The defendants claimed, as matter of law, that there was no change of possession after the sale, upon the facts admitted and claimed by the plaintiff, and requested the court to charge the jury, that if, at the time of the attachment, the wagon was upon property in the joint possession of the plaintiff and his son, and in the same place where it was when the sale was made, and during the intermediate time, had been left there, except when in actual use by the plaintiff, there was no change of possession, and the sale was, in point of law, fraudulent and void, as against the defendants, who were attaching creditors. The court submitted to the

jury, as a question of fact, upon all the evidence, whether there had been a change of possession. We do not see what other course could have been adopted. It appears to us that a man may have the exclusive possession of personal property, which is upon land, occupied by him and another in common, and if so, then it seems to follow that, whether he has such exclusive possession, must ordinarily be a question of fact for the jury, under all the circumstances.

We do not therefore advise a new trial.

In this opinion the other judges, STORRS and ELLSWORTH, concurred.

New trial not to be granted.