CHARLES BIRD *vs.* FRANK S. ANDREWS AND ANOTHER.

*P*, a brother of the plaintiff, kept a grocery store, having a lease of the premises and owning the stock of groceries. The plaintiff, in good faith and for an adequate consideration, purchased of him the stock of goods and the good will of the business, and with the lessor's assent took an assignment of his lease. He entered into possession and attended personally to the business, keeping *P* as an assistant, who spent most of his time in the store, and waited upon customers as before. The court below found as a fact that the goods were in the possession of the plaintiff, and held that there was such a change of possession as protected them from attachment by the creditors of *P*. Held to be no error.

REPLEVIN of goods claimed to be unlawfully detained by the defendants; brought to the city court of the city of New Haven, and tried before *Harrison, J.* General issue, with notice of proof that the goods were, and were attached by the defendants as, the property of one Patrick Bird. Facts found, and judgment rendered for the plaintiff. Motion in error to this court by the defendants. The case is sufficiently stated in the opinion.

*L. L. Phelps*, for plaintiffs in error.

*W. C. Robinson*, for defendant in error.

FOSTER, J. Perhaps no principle of law is more firmly established, or more familiar to the minds of the public, as well as of the profession, than that a sale of personal property, not accompanied and followed by a change of possession, is void as against the creditors of the vendor. It is a rule of policy as well as of law. As none are found bold enough to attack this principle, it would be a superfluous work to defend it.

The defendants in this case resist the claim of the plaintiff to the goods he has replevied, and deny his title, on the ground that there was never any such change of possession as to make a valid sale. They insist that the goods still continued to be the property of the vendor, who was their debtor,

and as whose they took them on a lawful writ of attachment, to secure the payment of an honest debt.

The facts are so found by the court below as to leave but little for us to decide.

By bill of sale, dated January 17th, 1873, the plaintiff, on the 20th of that month, bought of Patrick Bird, who was his brother, a stock of goods, fixtures, &c., in the store known as No. 139, Wallace St., New Haven. The sale was made, as the court finds, for a good and sufficient sum in value, was *bonâ fide*, and without fraud or collusion. Notice was given of the change in proprietorship to most of the persons with whom Patrick Bird had traded, and with whom Charles Bird, the plaintiff, continued to trade, and the lease of the store was duly transferred, by the landlord's written consent, to the plaintiff. The plaintiff purchased additional stock for the store, and paid for the same, and the articles so purchased constituted the remainder of the goods replevied in this suit. And the court further finds that the goods so replevied were each and every of them, from the date of said sale to the date of the attachment by the defendants, the 8th of April, 1873, the property of the plaintiff and in his sole and exclusive possession.

This finding is conclusive upon this court. The effect of it is not materially impaired by the additional finding that Patrick Bird, after the 18th of January, 1873, spent much of his time in the store—was behind the counter, and waited upon customers who called, and continued to do so down to the time of the defendants' attachment.

It seems that on the 8th of April, 1873, Patrick Bird made a purchase of goods in his own name, and ordered them to be left at the store for the trade of the store, and that these goods were attached by the defendants, in this suit, and named in the plaintiff's writ. This finding does not seem entirely consistent with the previous finding, and might seem to demand a judgment for the defendants, that these goods should be returned to them. The court, however, afterwards goes on to find that Charles Bird purchased all of said goods with his own money, and in his own name, and ever held and used

them as his own property, and the goods were not the goods of Patrick Bird at the date of the attachment.

There is no finding that Patrick Bird was insolvent; from some facts found it would appear that he was not.

In view of the whole record, we think there is no error in the judgment complained of.

In this opinion the other judges concurred.