FREDERICK J. HALLOCK AND WIFE *vs.* EDGAR A. AL-
VORD.

Hartford Dist., Oct. T., 1891. ANDREWS, C. J., CARPENTER, SEYMOUR,
TORRANCE and FENN, Js.

*A* owned a horse, buggy and harness, which he kept in a barn hired for·
the purpose near his father's house with whom he lived. He was con-
siderably in debt and the property was attached and taken away by a
creditor, but was afterwards returned. Soon after its return he sold
the property to *B*, his mother, for $35, and she took possession of the
barn, and paid the rent from that time, and assumed the ownership of
the property. At this time she knew of his indebtedness, and of the
attachment. A few days after the sale *A* removed to a neighboring
town. Two months later the defendant attached the property as *A's.*
In an action of replevin, brought by *B*, the court below found that
the purchase was made by her in good faith, and that the sale was not
fraudulent unless it was so as a matter of law upon the facts. Held—

1. That the facts that the property was kept in a barn not owned by *A*,
and which was afterwards hired by *B* for the purpose, and that *A* at
once removed from·the town, and exercised no later acts of ownership
over it, made the case differ essentially from the ordinary one of a ven-
dor's retaining possession by keeping the property sold upon his own
premises, and that the court could not, as a matter of law, hold that
there was a retention of possession.

2. That in the absence of any proof that the $35 paid was an inadequate.
price, it could not be inferred from the fact that *A*, upon the issuing
of the writ of replevin, had made an affidavit that the property was
worth a much larger sum.

3. That the court below erred in ruling out the following question put by the defendant to *A*, who was a witness for *B*, on cross-examination— "Did you convey this property to prevent its being attached ?

4. Also in ruling out evidence offered by the defendant that *A* was indebted at the time of the sale and that this was known to *B*.

[Argued October 8th—decided November 16th, 1891.]

REPLEVIN for a horse, buggy and harness; brought to the Court of Common Pleas for Hartford County, and tried to the court, before *Taintor, J.* Facts found and judgment rendered for the plaintiffs, and appeal by the defendant. The case is fully stated in the opinion.

*R. E. Hall,* for the appellant.

*J. J. Jennings,* and *R. S. Newell,* for the appellees.

SEYMOUR, J. This is an action of replevin to recover from a constable a mare, harness and buggy, by him attached in a suit against a third party. The finding of facts is as follows :—

On February 4th, 1889, and for some time prior thereto, Frank J. Hallock, the son of the plaintiffs, was the owner of the property described in the plaintiffs' complaint. On and before that time he was residing in Bristol, boarding with his parents, and kept the property in a barn in the rear of the house, which he rented of one George Peck. While the property was so kept it was attached by the defendant, who was a constable of the town of Morris, by virtue of a writ of attachment to him directed, but was afterwards returned to said Frank J. Hallock some three or four weeks prior to said February 4th.

On said February 4th, Frank J. Hallock, for the consideration of thirty-five dollars cash, sold the property to the plaintiff Hannah Hallock, who after the sale paid the rent of the barn, where the property was still kept by her, exercised acts of ownership over the property, and sold it after this suit was brought.

On February 11th, 1889, Frank J. Hallock removed to

New Britain with his family, and continued to reside there until after the bringing of this suit.

On March 6th, 1889, the defendant held in his hands as constable another writ of attachment against Frank J. Hallock, and by virtue thereof attached and took into his custody the property in question, which he found in said barn of George Peck. The constable was informed at the time that the property had been purchased by Hannah Hallock. The defendant then served his writ upon Frank J. Hallock at New Britain, who immediately came to Bristol, and himself went to see a lawyer and advised about the bringing of this replevin suit.

Frank J. Hallock was considerably indebted at the time of the sale, and Hannah Hallock knew that the horse had been previously attached in the former suit above mentioned.

Upon the trial of the action the defendant claimed that the inadequacy of value obtained for the property sold, as shown by the price sworn to upon the writ, the near relationship of the parties, the indebtedness of Frank J. Hallock, the knowledge of Hannah Hallock of the first attachment, the acts of Frank J. Hallock in advising about bringing this suit, and the keeping the property by the plaintiffs in the same place as before the sale, were such badges of fraud as established the fact that the conveyance was fraudulent and void. The court overruled these claims of the defendant, he duly excepting.

The court further finds that the purchase by the plaintiff Hannah Hallock was made in good faith, that the consideration for the property was actually paid, and that there was no fraud or fraudulent intent in the sale and transfer, unless the law would imply fraud from the facts found as above.

On the trial of this action Frank J. Hallock testified for the plaintiffs, and that he conveyed the property to his mother for thirty-five dollars in cash.

The attorney for the defendant then asked the following question:—" Did you convey this property to your mother to prevent its being attached?" which, being objected to by

the plaintiffs, was ruled out by the court, the defendant excepting.

The defendant then offered to prove that the property in question was attached the first time at the suit of the same party that it was attached for on March 6th, 1889, and that the indebtedness was still unsatisfied, and that this was to the knowledge of the grantee; but the court refused to hear such evidence, the defendant duly excepting."

Upon the foregoing facts the court rendered judgment for the plaintiffs, and the defendant appealed.

The defendant insists in his appeal that the court erred in deciding, upon the facts found, that there was no fraud in the sale and conveyance to Hannah Hallock, and that the inadequacy of price for which the property was sold, the near relationship of the parties, the indebtedness of the vendor to the knowledge of the vendee, and the retention of possession, did not establish the sale fraudulent and void. If all the indicia of fraud stated in this reason for appeal had been established they would present a very strong case against the plaintiffs. Indeed, if the retention of possession by Frank, after the claimed sale to his mother had been proved, it would, under the authority of *Hatstat* v. *Blakeslee*, 41 Conn., 302, have been decisive of the case. But the property before the sale was kept in a barn which did not belong to Frank, but which he rented. Almost immediately after the sale Frank removed to New Britain with his family, and from and after the sale the plaintiff Hannah rented the barn and kept the property in it, exercising acts of ownership over the property.

Clearly this is a different thing from the ordinary case of a vendor's retaining possession of personal property sold, by keeping it in his own building and in his own possession. Upon the authority of *Potter* v. *Mather*, 24 Conn., 551, *Seymour* v. *O'Keefe*, 44 Conn., 128, and *Smith* v. *Skeary*, 47 Conn., 47, we should hesitate to hold, as matter of law, that there is a retention of property by the vendor where the vendee upon purchasing the goods rents, in good faith, the building in which they had been kept by the vendor, and

which, up to the time of the sale, had been rented by the latter, and continues to keep the goods therein, exercising acts of ownership over them.

It will be observed also that there is no finding that the price paid by the vendee for the property was inadequate. Apparently no evidence was offered on that point. The defendant's claim at the trial was that the inadequacy of value obtained for the property sold, as shown by the price sworn to upon the writ, was, in connection with other circumstances, a badge of fraud.

One object of requiring an affidavit of value to be attached to the writ is, in connection with the damages claimed, to determine the jurisdiction of the court to which writs of replevin may be made returnable. In this case it was not made by a party to the suit. The defendant could not require the court to draw an inference of fraud founded upon inadequacy of price merely from such affidavit, as he seems to have required in this case.

We think, on the whole, that the first grounds of error ought not to prevail, but that, upon all the facts before it, the court below violated no legal principle in deciding that there was no fraud in the sale to Hannah Hallock.

The defendant further complains that the court erred in ruling out the question asked Frank upon cross-examination:—"Did you convey this property to prevent its being attached?" and in ruling out the evidence offered by the defendant in regard to the continued indebtedness of Frank, which was known to the vendee.

We know of no principle upon which these rulings can be sustained. Both inquiries were pertinent to the question of good faith involved in the sale and purchase of the property.

Upon the cross-examination of a party who testified that he conveyed the property to his mother for thirty-five dollars in cash, the question whether he conveyed it to prevent its being attached might well be asked for the purpose, among others, if it was answered in the affirmative, of discrediting his statement that any money was actually paid ,

for it, especially if it was followed up by the testimony of the mother that she also purchased it to prevent its being attached. So too, upon the question whether there was a *bonâ fide* sale, the fact that the mother knew of the indebtedness of the vendor, her son, was admissible. Considering the relationship of the parties, it was a circumstance bearing upon the probability that there was an actual sale of the property, a question upon which it was the right of the defendant to turn all the light which the surrounding circumstances would afford. In short, if the son conveyed the property to prevent its being attached, to a mother who knew of his indebtedness, it would be the defendant's clear right to urge those facts in support of his claim that the sale was merely a colorable one.

There is error in the judgment, and a new trial is ordered.

In this opinion the other judges concurred.