JOHN T. DANN *vs.* WILLIAM E. LUKE ET AL.

Third Judicial District, New Haven, June Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A livery stable keeper sold out his stock and business to the plaintiff, who purchased in good faith and for an adequate consideration, and thereafter conducted the business at the same place. The plaintiff retained the vendor as manager of the business, but at once informed the stable employees of his purchase; he also cancelled the vendor's lease and took a new one in his own name, caused his bill of sale to be recorded, advertised the fact of his purchase in a local paper, opened a new set of books, and personally notified the defendants of the sale within a few days after it was made. The vendor's name remained upon the sign over the stable, although the plaintiff had directed the word "manager" to be painted after it. *Held* that having become the lessee of the premises upon which the business had been carried on, the plaintiff was not required to move the property therefrom in order to effect a change of possession; and that the possession taken by him was sufficient to enable him to hold the property as against the defendants, who had attached it a year or more after the sale, with a knowledge thereof.

Argued June 5th—decided September 27th, 1901.

ACTION of replevin, brought to the City Court of Danbury and tried to the court, *Scott, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendants for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Aaron T. Bates,* for the appellants (defendants).

*Henry A. Purdy,* for the appellee (plaintiff).

HALL, J. The record in this case shows that the wagons in question, when replevied on the 7th of December, 1900, were held by an officer, the defendant Luke, under an attachment made by him on the 4th of said December, in an action by the defendant White against one Osborne. From September, 1898, until September 15th, 1899, Osborne had

owned and used the wagons as a part of the stock of the livery business owned by him in Danbury, and conducted by him under the sign " Crosby Street Stables, Harvey Osborne, Proprietor."

On the 15th of September, 1899, in good faith, and for an adequate consideration, Osborne executed and delivered to the plaintiff a bill of sale of his entire stock and property in said stables and business, including the wagons in question.

Immediately upon receiving the bill of sale the plaintiff went to the stable and informed the employees that he had bought it, ordered the word " proprietor " to be erased from the sign and the word " manager " to be substituted for it, and employed Osborne to manage the stables at a salary of $15 per week. He procured a lease to himself from the owners of the land upon which the stables stood, cancelling the former lease to Osborne, caused his bill of sale to be recorded in the town clerk's office in Danbury, advertised his purchase of the stable in a Danbury newspaper, caused new books of account to be opened by Osborne as manager for the plaintiff, and personally notified the defendant White of the sale within a few days after it was made.

After the sale was so made the plaintiff procured and paid for everything thereafter used at the Crosby Street Stables. He owned another stable in Danbury which he personally managed, and he used the wagons in question, and other property in the Crosby Street stables, in either business, as convenient. The wagons were at the Crosby Street stables, when they were attached by the defendants in an action to recover a debt incurred by Osborne before said sale. The word "proprietor" was painted off the sign, but the word " manager " was never painted upon it as directed by the plaintiff.

Upon these facts the trial court decided that the sale was valid, and that the change of possession was sufficient to enable the plaintiff to hold the wagons against the defendants' attachment.

This conclusion was justified by the facts found. We have the fact that the plaintiff bought the personal property

in good faith from Osborne; that he leased from the owners the land upon which the stables stood, and in which the personal property was kept; that he personally took possession both of the premises and the personal property; and that for more than a year before the attachment was made by the defendant White, the plaintiff, by himself and his employees, remained in the actual and open possession of the premises and property, using them in carrying on the plaintiff's livery business.

The plaintiff evidently purchased the property that he might carry on the livery business at a place where a business of that kind had been already established. Having become the lessee of the premises upon which the business had been conducted, the law did not require the plaintiff to move the property from his own building in order to effect a change of possession. *Smith* v. *Skeary*, 47 Conn. 47, 55; *Hallock* v. *Alvord*, 61 id. 194, 197.

Furthermore, it does not even appear that after the sale the wagons in question remained in the stables which had been occupied by Osborne. The finding states that when the wagons were attached December 4th, 1900, some fourteen months after the sale to the plaintiff, they were at the Crosby Street stables, but that in the mean time they had been used sometimes in one and sometimes in the other of the two stables belonging to the plaintiff in Danbury.

The plaintiff seems to have been unable to personally perform all the work of managing the business at the Crosby Street stables, as he was also carrying on a livery business at another place in Danbury, and for that reason to have employed Osborne as manager, to keep the books, direct the employees, and attend to the letting and care of the horses and carriages at the Crosby Street stables, the plaintiff himself furnishing everything used at the stables. The law gave the plaintiff the full right to do this so long as he acted honestly and did not permit Osborne to retain the apparent ownership of the goods which he had sold.

We think the circumstances fail to show that Osborne retained the apparent possession of the goods in question as

his own.  He had surrendered his lease and been employed by the plaintiff to perform certain duties in the business; and, so far as he was in the occupation of the premises and in the possession of the personal property, it was sufficiently apparent that, like the other employees at the stables, he was acting as the agent of the plaintiff.

Whether the plaintiff caused his lease of the premises to be recorded, does not appear.  If he did not, and although only the word "proprietor" was erased from the sign, the other precautions which he took to inform the public of the sale, and the possession which the circumstances showed he took of the property, were sufficient to entitle the plaintiff to hold the wagons in question, as against an attachment in a suit against Osborne by one who had such knowledge of all the facts as the finding shows that the defendant White had before commencing his suit.  *Bird* v. *Andrews*, 40 Conn. 542; *Elmer* v. *Welch*, 47 id. 56; *Hull* v. *Sigsworth*, 48 id. 258, 267; *White* v. *O'Brien*, 61 id. 34, 38.

There is no error.

In this opinion the other judges concurred.