KAZIMAR KAPLENSKI vs. MARTIN H. HORWITZ ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 7th—decided March 15th, 1932.

*Samuel H. Aron,* with whom were *Robert I. Ellis* and *Jacob Dunn,* for the appellant (plaintiff).

*Edward A. Mag,* for the appellees (defendants).

BANKS, J. The finding states the following facts: On December 24th, 1930, the plaintiff purchased of Stanley Rybczyk a Hupmobile sedan for $1239.80, which he paid by assuming and paying a balance of $439.80 due on the automobile to a finance company, by canceling Rybczyk's note of $600 in his favor, and by assuming and paying a balance of $200 on a note of Rybczyk and his wife at the bank. Prior to the sale Rybczyk had kept the car in a garage in the rear of his house, and after the sale and until February 1st, 1931, it remained there when not in use, but the plaintiff paid Rybczyk's wife $1 a week for the rent of the garage. After the sale, the plaintiff permitted Rybczyk to use the car alone three or four times and the latter drove it on a few other occasions with the plaintiff in it. On January 20th, 1931, the defendant Horwitz, a deputy sheriff, attached the car as the property of Rybczyk in an action brought against the latter by David Levin. The plaintiff brought this action of replevin on January 22d, 1931. On January 26th, 1931, Rybczyk filed a petition in bankruptcy and the trustee of his estate in bankruptcy was made a party to this action.

The plaintiff seeks to have the finding corrected to state that the garage in which the car was kept belonged to Rybczyk's wife, and that when the plaintiff bought the car he locked it and placed a lock upon the door of the garage, retaining all the keys. The finding is that the plaintiff paid the rental of the garage to Rybczyk's wife, and the defendant himself testified that it stood in her name, and the finding is corrected

to so state. The plaintiff's testimony that he kept the keys both of the car and the garage is not contradicted, but that is not sufficient to establish it as an admitted or undisputed fact. Rules for Appellate Procedure, § 11.

The court found that the purchase of the car by the plaintiff was in good faith and for adequate consideration, but that there was no such open, visible and manifest change of possession as to be notice to the world of a change of title. The correctness of the latter conclusion is the sole question upon this appeal.

The doctrine that retention of possession by the vendor of personal property after a sale renders the sale constructively fraudulent, is too well established in this State to require citation of authorities. It is applied "to every case where there has not been an actual, visible, and continued change of possession." *Norton* v. *Doolittle,* 32 Conn. 405, 410; *Seymour* v. *O'Keefe,* 44 Conn. 128; *Freedman* v. *Avery,* 89 Conn. 439, 94 Atl. 969. The rule has frequently been applied where, though there has been an actual change of possession, it has been temporary only, and the property has been returned by the vendee to the possession of the vendor, and of course is controlling in the ordinary case where the property remains in the possession and under the control of the vendor with no outward indicia of change of ownership. Such was not the situation in the present case. The plaintiff, after he bought the car, kept it in a garage which he leased from the wife of the vendor. While there, it was in his exclusive possession. The vendor had no right of access to it. On the three of four occasions when he did use it, it was with the permission of the plaintiff. The fact that the garage was that in which the car had previously been kept by the vendor is not of controlling significance. We have held that the law does

not require a vendee, who in good faith rents the building in which the property has been kept by the vendor, to move the property from that building in order to effect a change of possession. *Hallock* v. *Alvord,* 61 Conn. 194, 23 Atl. 131; *Dann* v. *Luke,* 74 Conn. 146, 50 Atl. 46. Another significant act of ownership by the plaintiff was the registration of the car in his name, thus putting upon public record notice of the change in title. The registration of a motor vehicle as required by statute is a public declaration of ownership. One of the purposes of the statute is to furnish a means of identifying the ownership of the vehicle (*Shea* v. *Corbett,* 97 Conn. 141, 145, 115 Atl. 694), and the record of the registration is the source generally resorted to for information as to its ownership.

The court has found that the transfer to the plaintiff was for an adequate consideration and made in good faith. The facts found do not disclose such retention of possession by the vendor as to require a conclusion that it was, as a matter of law, constructively fraudulent. The plaintiff therefore has a good title to the automobile, both as against an attaching creditor, and the trustee in bankruptcy of the vendor.

There is error, the judgment is set aside, and the cause remanded to the Court of Common Pleas with direction to enter judgment in favor of the plaintiff.

In this opinion the other judges concurred.