ELIZABETH J. CLEELAND *v.* CLAYTON L. CARTER ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued June 12—decided June 26, 1940.

*Jacob Bresnerkoff,* for the appellants (defendants).

*Ralph G. Woolfson,* for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff is seeking to recover the value of an automobile which had been attached in an action brought against her brother, and a return of which, although demanded by her, had been refused. She had advanced various sums of money to her brother from time to time. On September 3, 1938, he owned the car in question. He became involved

in an accident, was arrested upon the charge of driving under the influence of liquor, pleaded guilty and was fined $150 and costs. The plaintiff, on or about September 10, 1938, advanced him $300 to enable him to pay this penalty, his attorney's fees, other incidental expenses and an unpaid balance due upon his purchase of the car. On or about September 12, 1938, she asked him for security for the money she had advanced to him. He told her that there was no way in which he could secure her, and proposed to give her a bill of sale of his car in discharge of his indebtedness to her. Accordingly, he executed and delivered to her a bill of sale of it. On the same day, on her application, a registration certificate and marker plates were issued to her as owner of the car. She then visited the repair shop where it was undergoing repairs, inspected it, saw that her brother's registration plates had been removed, told the person in charge of the shop that the car now belonged to her, placed her registration certificate in a compartment in it and locked the compartment with the keys which her brother had delivered to her. Although she had her marker plates with her, they were not put upon the car because it was still under repair and was to be painted. The car remained in the shop and repairs had not been completed when, on September 19, 1938, it was taken on the attachment in question.

The finding, in which no change materially affecting the issues before us can be made, negatives the defendants' claim that absolute title to the car had not in fact passed to the plaintiff, but that it was delivered to her merely as security for her brother's indebtedness to her. He testified, it is true, that, if when sold the proceeds were not sufficient to reimburse her for the advances she had made to him, he expected to pay her the difference, but the trial court could reasonably

conclude that this was a statement of a moral obligation he felt rested upon him and not an admission of legal liability. The claim of the defendants that they were entitled to the car because there had been no adequate change of possession cannot be supported. The doctrine of retention of possession of personal property is not so strict as to require that in all instances a vendee shall immediately take actual possession of the property, but it is sufficient if the vendee takes possession within a reasonable time and meanwhile takes such steps as are reasonably practicable to give notice that he has acquired title to it. *Ingraham v. Wheeler*, 6 Conn. 277, 283; *Meade v. Smith*, 16 Conn. 345, 363; *Seymour v. O'Keefe*, 44 Conn. 128, 131. In this instance the car was in the possession of a repairman at his shop and at the time of the sale, as well as at the time of the attachment, the repairs upon it had not been completed. The plaintiff ascertained that her brother's markers had been removed from the car, placed her own registration certificate in it, told the man in charge of the shop that she had acquired it, and took the keys. She also registered it in her own name, which was in itself a public declaration of her ownership. Under such circumstances the trial court could reasonably conclude that there had not been such a retention of possession by her brother as would subject the car to attachment in an action against him. *Hallock v. Alvord*, 61 Conn. 194, 197, 23 Atl. 131; *Dann v. Luke*, 74 Conn. 146, 148, 50 Atl. 46; *Kaplenski v. Horwitz*, 114 Conn. 523, 525, 159 Atl. 351.

The repairman testified that after the repairs had been made it was in first class condition, and both he and a used-car dealer testified that, despite the fact that it had been in the accident in question, it had a market value greater than the sum found by the

court. The defendants have no sound ground upon which to claim error in that finding.

There is no error.

In this opinion the other judges concurred.