## In re HOLLISTER.

### No. 22177.

District Court, D. Connecticut.

Dec. 21, 1944.

Jay E. Rubinow, of Manchester, Conn., for bankrupt.

Abraham A. M. Schweitzer, of Hartford, Conn., trustee.

SMITH, District Judge.

This is a petition for review of the denial of a reclamation petition filed by the wife of the bankrupt for an automobile which had been in the possession of the bankrupt. The bankrupt bought the car and had possession of it continuously until the date of bankruptcy. However, three years after the purchase of the car, while still solvent, and more than one year before the adjudication in bankruptcy, the bankrupt executed a bill of sale of the car to his wife. The bill of sale was recorded and the registration of the car with the Connecticut State Department of Motor Vehicles was changed from the bankrupt to his wife. The bankrupt's wife never took possession of the car, nor did she ever operate it.

On these facts, the Referee held that the transfer was void as against the trustee of the bankrupt. The decision appears to be sound. It is well established by the Connecticut decisions that the rule in this state is that a bill of sale to personal property which remains in the possession of the vendor with the permission of the vendee is void as to attaching creditors of the vendor. Prior to 1849, apparently the retention of possession of the personalty by the vendor was held to raise a presumption that the transfer or attempted transfer was fraudulent and void, requiring some satisfactory explanation of the retention of possession. See Toby v. Reed, 1832, 9 Conn. 216; Crouch v. Carrier, 1844, 16 Conn. 505, 41 Am.Dec. 156. By 1849, however, the presumption had hardened into a rule of law, or, as it was termed, a conclusive presumption, avoiding the sale as to third parties by reason of the retention of possession, in order to prevent the possibility of actual collusion and fraud in colorable sales. See Kirtland v. Snow, 1849, 20 Conn. 23; Webster v. Peck, 1863, 31 Conn. 495; Hatstat v. Blakeslee, 1874, 41 Conn. 301; Bickart v. Sanditz, 1927, 105 Conn. 766, 136 A. 580. The validity of the sale still depends upon the change of possession. See Kaplenski v. Horwitz, 1932, 114 Conn. 523, 159 A. 351; Cleeland v. Carter, 1940, 126 Conn. 704, 14 A.2d 36. The last cited case allows a reasonable time for the vendee to take possession, if, in the meantime, he takes such steps as are reasonably practicable to give notice that he has acquired title. It does not, however, dispense with the necessity for actual transfer of possession, even though there has been a change in the registration with the Department of Motor Vehicles.

There is no Connecticut statutory requirement that bills of sale be recorded although the statute permits such recordation, and the Connecticut courts follow the general rule that recordation which is not required by statute does not operate as sufficient notice to the world to make valid a

transfer which is otherwise void for retention of possession.

Spencer v. Broughton, 1904, 77 Conn. 38, 58 A. 236, held that the recording statute then in existence, requiring a recordation of bills of sale, was not intended to, and did not, change the law as to the effect of the retention of possession by a vendor of personal property after its sale. The present statute permitting the recording of bills of sale, Section 4698, General Statutes of Connecticut, Revision of 1930, gives no indication of any intent to change the law in this regard.

The wife of the bankrupt relies upon the decision in Gilligan v. Lord, 1884, 51 Conn. 562. In that case, however, the chattels were located upon real estate and were transferred to the wife in the same deed as the real estate, which deed was required to be recorded and was so recorded. The Court appears to have based that decision on the ground that the change of possession was made known to third parties through the required notice through recordation of the deed of the land on which they were kept, which deed also contained the provisions transferring the title to the chattels. The distinguishing feature between that case and the case at bar is the fact that the deed was required to be recorded, while there is no such requirement as to the bill of sale in this case. And it is significant that the Connecticut courts, discussing the rule, have not treated the Gilligan case, supra, as having in any way weakened the requirement of transfer of possession in order that a bill of sale be not held void as against third parties.

The petition for review is denied.