EDWARD BURAKOWSKI v. ANTHONY J. GRUSTAS ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued November 12—decided December 3, 1947

*Harry Ossen,* for the appellant (plaintiff).

*Francis B. Feeley,* with whom was *Stephen K. Elliott,* for the appellee (defendant Edward Grustas).

Brown, J. The plaintiff's complaint alleged a cause of action against the defendant Anthony Grustas for seducing and carnally knowing the plaintiff's wife. It also alleged the transfer by Anthony of his automobile to the defendant Edward Grustas with intent to prevent its attachment on the plaintiff's claim and the knowing participation of the defendant Edward in carrying out this purpose. The plaintiff claimed damages and a decree that the transfer be set aside. The defendant Anthony was defaulted for nonappearance. The court rendered judgment for $2500 damages against him and judgment in favor of the defendant Edward. The plaintiff has appealed from the judgment in favor of Edward.

The undisputed facts found by the court may be thus summarized: In 1941 the defendants, who are brothers, jointly purchased the automobile in question. Each contributed a part of the initial cash payment, but, as Edward was a minor, the car was registered in Anthony's name. Thereafter, Edward paid a number of bills for repairs and for equipment for the car, and it was used as a family car by them, their sister and their parents, with whom they lived. On February 8, 1946, two days after Anthony had been arrested for adultery with the plaintiff's wife, Edward paid Anthony $300, which, it was agreed, represented the value of the latter's interest in the car, and Anthony executed a writing reciting its sale to Edward in consideration of this payment. The writing was not filed or recorded. Up to the time of trial the use of the automobile by the family continued as before. On February 28, 1946, a constable came to the defendants' house while both were present to attach the car in an action by the plaintiff

against Anthony for alienating his wife's affections. The officer left to get a tow car with which to take the car into his possession and upon his return could not find it. On May 6, 1946, pursuant to Anthony's written report to the motor vehicle department that the car had been sold to Edward on April 1, 1946, a registration issued to Anthony on February 28, 1946, was canceled, and the car was registered in the name of Edward. The car was attached in the present action on July 18, 1946. The court concluded that Anthony sold his interest in the car to Edward on February 8, 1946, and that the sale was not fraudulent. If this conclusion was warranted, the judgment in favor of the defendant Edward must stand.

Since the plaintiff does not attack the finding, this conclusion cannot "be disturbed by this court . . . unless it appears either that it involves the application of some erroneous rule of law material to the case, or that the conclusion has been unreasonably drawn from the facts found. *Davis* v. *Margolis,* 107 Conn. 417, 422, 140 Atl. 823; *Skovronski* v. *Genovese,* 124 Conn. 482, 484, 200 Atl. 575." *Johnson* v. *Shattuck,* 125 Conn. 60, 62, 3 A. 2d 229. Consideration of the former alternative calls for a determination of what possible right of redress is open to the plaintiff in this action. That he has none under § 5994 of the General Statutes was expressly conceded. It is also clear that he has none under § 5984, which provides that "All fraudulent . . . contracts, made . . . with intent to avoid any debt or duty belonging to others, shall, notwithstanding any pretended consideration therefor, be void as against those persons only . . . to whom such debt or duty belongs." This is so because the words "debt or duty" as used in the statute do not include rights to recover damages in tort, within which category

the right of the plaintiff falls. *Fox* v. *Hills,* 1 Conn. 295; *DeFeo* v. *Hindinger,* 98 Conn. 578, 582, 120 A. 314; *White* v. *Amenta,* 110 Conn. 314, 318, 148 A. 345. Any right of redress which the plaintiff has, therefore, depends upon common-law principles. *White* v. *Amenta,* supra. As Edward paid a substantial consideration, the transfer could not be set aside as voluntary. To entitle the plaintiff to prevail against Edward, it was necessary for him to prove not only Anthony's fraud in the transfer but also Edward's participation therein. *Allen* v. *Lyness,* 81 Conn. 626, 631, 71 A. 936; *Partelo* v. *Harris,* 26 Conn. 480, 482. The burden of proving these essentials rested upon the plaintiff. *Daly Bros, Inc.* v. *Spallone,* 114 Conn. 236, 242, 158 A. 237. The court recognized and applied these principles in arriving at its decision.

The only question, then, is whether in so doing its conclusion was unreasonably drawn from the facts found. The plaintiff urges that the following facts demonstrate that it was: The transfer of the car on February 8, 1946, was made but two days after Anthony's arrest for adultery with the plaintiff's wife and was never filed or recorded; thereafter, the car was re-registered in Anthony's name on February 28, 1946; Anthony's report to the motor vehicle department on May 6, 1946, when the registration was changed to Edward's name, was that the sale had been made on April 1, 1946; after February 8, 1946, the members of the family continued to use the car in the same manner as formerly. The only claim of law made by the plaintiff was that the registration of the car in Anthony's name at the time of the attempted attachment constituted "a public declaration of ownership." This court has repeatedly held that registration has this effect. *Cleeland* v.

*Carter,* 126 Conn. 704, 706, 14 A. 2d 36; *Kaplenski* v. *Horwitz,* 114 Conn. 523, 526, 159 A. 351. These cases do not hold, however, nor is it so, that this declaration is conclusive as to title. It is merely evidence of ownership, to be considered in connection with other evidence in the case upon that issue. Similarly, the facts recited above must be considered in connection with the other facts which the court has found, in testing its conclusion that the transfer was made on February 8, 1946, and was not fraudulent. None of these facts upon which the plaintiff relies, nor all of them together, requires a conclusion contrary to that reached by the court. In fact, the controlling factors—the time when the transfer was made, the consideration therefor and the nature of Edward's participation therein—were all questions of fact conclusively determined by the court's finding.

There is no error.

In this opinion the other judges concurred.