## BRIAN N. BUDRIS *v.* ALLSTATE INSURANCE COMPANY
## (15246)

Landau, Heiman and Hennessy, Js.

Argued October 28—officially released December 31, 1996

*Roy W. Moss*, for the appellant (plaintiff).

*Anita M. Varunes*, for the appellee (defendant).

HEIMAN, J. The plaintiff appeals from the judgment of the trial court granting the defendant's motion for summary judgment. On appeal, the plaintiff claims that the trial court's action in granting summary judgment was improper because it incorrectly determined that the plaintiff was precluded from recovery under an

insurance policy provision that barred recovery for injuries sustained while in an uninsured vehicle owned by the insured. He posits that the trial court's determination, made as a matter of law, that the plaintiff was the owner of the truck in which he was injured was improper. We reverse the judgment of the trial court.

The following facts are necessary for a proper resolution of this appeal. In September, 1990, Hilding Parson gave the plaintiff his 1985 Dodge truck to hold as collateral to secure a $5000 loan the plaintiff had made to Parson. The understanding was that the plaintiff would maintain possession of the truck as collateral until Parson repaid the loan. If Parson failed to repay the loan, Parson would then transfer ownership of the truck to the plaintiff on demand. Neither the plaintiff nor Parson insured the truck.

On March 29, 1991, the plaintiff was a passenger in the truck, which was being operated by Michele Vitilie. Vitilie lost control of the truck and was involved in a single vehicle accident that caused the plaintiff to sustain injuries. The plaintiff claimed entitlement to uninsured motorist benefits under his insurance policy with Allstate Insurance Company. Allstate denied the plaintiff uninsured motorist coverage on the basis of a policy limitation that excludes from coverage any accidents that occur in an uninsured motor vehicle owned by the insured.[1]

---

[1] The Allstate policy provides in pertinent part: "We will pay those damages which an insured person is legally entitled to recover from the owner or operator of an uninsured auto because of bodily injury sustained by an insured person. Bodily injury must be caused by accident and arise out of ownership, maintenance, or use of an insured auto. . . ." The policy provides further: "Allstate will not pay any damages an insured person is legally entitled to recover because of . . . bodily injury sustained while in, on, getting into or out of or when struck by an uninsured motor vehicle which is owned by you or a resident relative. . . ."

The uninsured motorist statute, General Statutes (Rev. to 1995) § 38a-336 (a) (1), expressly authorizes insurers to limit uninsured motorist coverage under certain conditions. General Statutes § 38a-336 (a) (1) provides in

On March 21, 1993, the plaintiff brought an action against the defendant, claiming entitlement to uninsured motorist benefits for the March 29, 1991 accident. On September 16, 1994, the defendant moved for summary judgment on the ground that there was no material issue of fact as to the ownership of the uninsured motor vehicle in question. In support of the motion for summary judgment, the defendant submitted an assignment of title dated September 19, 1990, which assigned title of the truck from Parson to the plaintiff. The defendant subsequently submitted to the trial court a letter from the department of motor vehicles dated October 13, 1994, which stated that, according to a review of the department's records, title to the truck was issued to Parson on May 22, 1990. The letter further stated that, according to the department's records, on September 19, 1990, Parson transferred the truck to the plaintiff, but the plaintiff was never issued title to the truck. Finally, the letter stated that on June 2, 1992, title to the truck was returned to the department of motor vehicles as a record that the truck had been junked.

On May 18, 1995, the plaintiff submitted an affidavit in opposition to the defendant's motion for summary judgment. In the affidavit, the plaintiff claimed that the September 19, 1990 date on the assignment of title was incorrect because Parson did not assign or transfer title to the truck to the plaintiff until April, 1991. The plaintiff further explained in the affidavit that in April, 1991, as Parson had failed to repay his loan, the plaintiff demanded that Parson transfer ownership of the damaged truck to the plaintiff, which Parson did. The plaintiff then transferred the vehicle as salvage and applied the amount received as a partial payment against Parson's debt. Finally, the plaintiff asserted in the affidavit

pertinent part: "No insurer shall be required to provide uninsured or underinsured motorist coverage to . . . any insured occupying an uninsured or underinsured motor vehicle or motorcycle that is owned by such insured."

that, while he had registered and insured both of the automobiles he owns, he never registered or insured the truck. Attached to the affidavit was a copy of the police accident report taken at the scene of the March 29, 1991 accident, which listed Parson as the registered owner of the truck.

On July 18, 1995, the trial court granted the defendant's motion for summary judgment. The trial court determined that the undisputed facts showed that the plaintiff had been in possession of the truck for the seven months prior to the accident and that the agreement between the plaintiff and Parson was a type of common law bailment granting the plaintiff a special ownership interest in the truck as a bailee. Thus, the trial court determined, as a matter of law, that the plaintiff owned the uninsured vehicle at the time of the accident, and that there was no genuine issue of material fact. This appeal follows.

"We initially note the standard of review of a trial court decision granting a motion for summary judgment. Practice Book § 384 mandates that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A material fact is a fact that will make a difference in the result of the case. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed

verdict on the same facts." (Citation omitted; internal quotation marks omitted.) *Sylvestre* v. *United Services Automobile Assn. Casualty Ins. Co.*, 42 Conn. App. 219, 222, 678 A.2d 1005 (1996), aff'd 240 Conn. 544, 692 A.2d 1254 (1997).

The plaintiff asserts that whether the plaintiff owned the truck at the time of the accident is a genuine issue of material fact, and thus the trial court improperly granted summary judgment. We agree.

Neither the insurance policy issued by the defendant nor General Statutes (Rev. to 1995) § 38a-336 (a) (1), the uninsured motorist statute, defines the term "owned" as used therein. "Under our law, the terms of an insurance policy are to be construed according to the general rules of contract construction. . . . If the terms of an insurance policy are plain . . . courts cannot indulge in a forced construction that distorts the meaning of a term so as to accord a meaning other than that evidently intended by the parties. . . . Policy language must be interpreted reasonably; words are to be given their ordinary meaning in order to deduce the intent of the parties." (Citations omitted; internal quotation marks omitted.) Id., 223–24.

We look to Connecticut case law and dictionary definitions to ascertain the ordinary meaning of the term "owner." Black's Law Dictionary (6th Ed. 1990) defines "ownership" as the "[c]ollection of rights to use and enjoy property, *including [the] right to transmit it to* others. . . . The complete dominion, title, or proprietary right in a thing or claim. The entirety of the powers of use and disposal allowed by law." (Emphasis added.) Black's Law Dictionary defines "own" as to "have a good legal title" or "to possess." Barron's Law Dictionary (3d Ed. 1991) notes that "[t]he term [ownership] has been given a wide range of meanings, but is often

said to comprehend both the concept of possession and, further, that of title and thus to be broader than either."

Connecticut courts have had numerous occasions to construe the word "owner" as related to cases involving motor vehicles. Our courts have "defined 'owner' as any person holding title to a motor vehicle. . . . In the case of a privately owned car, this definition has been applied through the certificate of registration. The certificate, in a particular person's name and identifying a particular vehicle, warrants [although it does not compel] a finding of ownership of that vehicle by the person in whose name the car is registered." (Citation omitted.) *Cook* v. *Nye*, 9 Conn. App. 221, 226, 518 A.2d 77 (1986). Registration of a car constitutes " 'a public declaration of ownership.' . . . [H]owever . . . this declaration is [not] conclusive as to title. It is merely evidence of ownership, to be considered in connection with other evidence in the case upon that issue." (Citations omitted.) *Burakowski* v. *Grustas*, 134 Conn. 205, 208–209, 56 A.2d 461 (1947); *Cleeland* v. *Carter*, 126 Conn. 704, 706, 14 A.2d 36 (1940); *Kaplenski* v. *Horwitz*, 114 Conn. 523, 526, 159 A. 351 (1932). In *Hope* v. *Cavallo*, 163 Conn. 576, 580–81, 316 A.2d 407 (1972), our Supreme Court stated that "[t]he word owner is one of flexible meaning, and it varies from an absolute proprietary interest to a mere possessory right." Therefore, "the word 'owner' . . . has no commonly approved usage or fixed meaning, 'but must be interpreted in its context and according to the circumstances in which it is used.' " Id., 580; *Warren* v. *Borawski*, 130 Conn. 676, 679, 37 A.2d 364 (1944); *Brown* v. *New Haven Taxicab Co.*, 92 Conn. 252, 254, 102 A. 573 (1917).

Here, the September, 1990 understanding between the plaintiff and Parson was that the plaintiff would temporarily possess the truck as collateral for the $5000 loan that the plaintiff had given Parson, and the plaintiff's right of possession would expire when Parson

repaid the loan. At that time, Parson would be entitled to possession of the truck. Further, according to the police accident report, Parson was the registered owner of the truck at the time of the accident. According to the October 13, 1994 letter from the department of motor vehicles, however, it is unclear to whom the truck was registered to at the time of the accident. Moreover, Parson claims that he assigned title of the truck to the plaintiff on September 19, 1990, six months before the accident. The plaintiff claims, however, that Parson did not transfer title of the truck to him until April, 1991, one month after the accident. All of these issues, legal title to the truck, registration of the truck, possession of the truck and control over the truck, represent evidence to be taken into consideration in determining the issue of ownership. Thus, because title, registration, control and future possession of the truck all represent disputed factual issues, we conclude that whether the plaintiff owned the truck at the time of the accident is a genuine issue of material fact. Therefore, the trial court improperly granted the defendant's motion for summary judgment.

Furthermore, by interpreting the unwritten understanding between the plaintiff and Parson as a common law bailment granting the plaintiff "a special ownership interest in the truck as a bailee," the trial court failed to give the insurance policy's term "owner" its ordinary and common meaning in order to deduce the intent of the parties. Instead, the trial court indulged in a forced construction of the term "owner," distorting the meaning to accord a meaning other than that evidently intended by the parties. *Sylvestre* v. *United Services Automobile Assn. Casualty Ins. Co.*, supra, 42 Conn. App. 223–24.

Finally, both the trial court and the defendant rely on *Hope* v. *Cavallo*, supra, 163 Conn. 576. *Hope* represents a "unique and unusual" case in which the federal

government issued a vehicle to the state of Connecticut, which then insured the automobile as its own. Id., 584–85. The Connecticut Supreme Court concluded that as there was no indication that the federal government intended to retain possession or control of the vehicle and, as the state had insured the issued vehicle and thus bore the risk of loss or damage to the vehicle, " 'in common parlance and legal acceptation,' " the state "owned" the car. Id., 582–85. This case is clearly distinguishable from *Hope* in that there were a number of indications that Parson intended to retain control over the car and regain possession of it. Further, the plaintiff was not issued the vehicle by a governmental agency, nor did he register or insure the car, and thus the plaintiff did not bear the risk of loss or damage to the vehicle. Therefore, we conclude that the defendant's reliance on *Hope* is misplaced.

The judgment is reversed and the case remanded with direction to deny the motion for summary judgment and for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.