[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Louis, Soraima and Rubens Fleitas (the Fleitases), the plaintiffs in the present case, filed this lawsuit against the defendants Cynthia and Marc Edwards (the Edwardses)[1]. The amended complaint alleges that Cynthia Edwards, while driving a vehicle owned and maintained as a family car by Marc Edwards, CT Page 1692 negligently failed to stop for a red light and crashed into a vehicle in the which the Fleitases were riding. (Count one, ¶¶ 1-5.) The Fleitases allege that Cynthia Edwards was acting as an agent for Marc Edwards and within the scope of her authority. (Count one, ¶ 6.), and that they have suffered a variety of severe injuries as a result of the collision. The Edwardses filed an amended answer, where, in pertinent part, they admitted that the car was maintained as a family car and owned by Marc Edwards.[2]
In June of 1996, Marc Edwards filed a motion for summary judgment, as to his liability only, on that ground that he is entitled to summary judgment as a matter of law because he did not own the vehicle at the time of the accident. In support, Marc Edwards attached his affidavit, a copy of Cynthia Edwards' application for registration of a motor vehicle and a copy of the police accident report. The plaintiff's memorandum in opposition was accompanied by a copy of the Edwardses' answers to the Fleitases' requests for admission, the Edwardses' answers to the Fleitases' first set of interrogatories and a copy of the Edwardses' insurance policy. The court, (Nadeau, J.), denied the motion for summary judgment without prejudice to renew it. Thereafter, Marc Edwards renewed the motion for summary judgment.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted; internal quotation marks omitted.)Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995). "As the party moving for summary judgment, the plaintiff is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1 v.Insurance Co. of Pennsylvania, 231 Conn. 756, 796, 653 A.2d 122
(1995). "[T]he party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Doty v.CT Page 1693Mucci, 238 Conn. 800, 808, 679 A.2d 945 (1996).
Marc Edwards moves for summary judgment as to his liability on the ground that he is not the owner of the vehicle involved in the alleged accident. He argues that because he was not the owner of the vehicle involved in the accident that he was wrongly made a defendant to this action. Marc Edwards does not offer or cite to any authority in his memorandum of law to support his arguments.
The meaning of the term "ownership" or "owner" as it relates to motor vehicles in Connecticut has been stated as follows: "[C]ourts, in numerous instances, have had occasion to construe the word `owner' as related to motor vehicles. The word `owner' is found in numerous statutes and has no commonly approved usage or fixed meaning, but must be interpreted in context and according to the circumstances in which it is used. . . . The term `owner' is one of general application and includes one having an interest other than the full legal and beneficial title. . . . The word owner is one of flexible meaning, and it varies from an absolute proprietary interest to a mere possessory right. . . . It is not a technical term and, thus, is not confined to a person who has the absolute right in a chattel, but also applies to a person who has possession and control thereof. . . . The term is broad enough to cover a tenant for years, a tenant for life, and a remainderman. This court has held that one may be the `owner' of a motor vehicle within the meaning of a statute, though another has strict legal title. . . . In other cases we have held that the word owner includes both the legal and equitable owner and anyone having an interest in the automobile under a special title." (Citations omitted; internal quotation marks omitted.) Hope v. Cavallo, 163 Conn. 576, 580-81,316 A.2d 407 (1972). "Black's Law Dictionary [(6th Ed. 1990)] defines `own' as to `have a good legal title' or `to possess.' Barron's Law Dictionary (3d Ed. 1991) notes that'[t]he term [ownership] has been given a wide range of meanings, but is often said to comprehend both the concepts of possession and, further, that of title and thus to be broader than either." Budris v.Allstate Ins. Co., 44 Conn. App. 53, 57-58, ___ A.2d ___ (1996). The meaning of the term "owner" is a matter of legal construction, and it is dependent upon the facts and circumstances in which it is used.
In support of his contention, Marc Edwards submits his own affidavit wherein he attests that he had no ownership interest in CT Page 1694 the vehicle at the time of the accident. The attestations of Marc Edwards are conclusory and do not establish the non-existence of a material fact as to the ownership of the vehicle. Marc Edwards also relies on an uncertified copy of the application for registration of a motor vehicle which lists Cynthia Edwards as owner of the vehicle at the time of the accident. "[A registration of title] is merely evidence of ownership, to be considered in connection with other evidence in the case upon that issue." Burakowski v. Grustas, 134 Conn. 205, 209,56 A.2d 461 (1947). "The certificate, in a particular person's name and identifying a particular vehicle, warrants [although it does notcompel] a finding of ownership of that vehicle by the person in whose name the car is registered." (Emphasis added; internal quotation marks omitted.) Budris v. Allstate Ins. Co., supra,44 Conn. App. 58. Thus, the court has before it limited evidence as to the ownership of the vehicle at the time of the accident. Furthermore, there is no conclusive evidence before the court as to who maintained possession and control of the vehicle at the time of the accident. Accordingly, there remains an issue of material fact as to whether Marc Edwards was an "owner" of the vehicle at the time of the accident.
Marc Edwards also argues that he should be relieved of defending himself in this action because he and Cynthia Edwards are now divorced and they presently own no joint property. In support of his argument he relies solely on his affidavit. The current state of his marital relationship with Cynthia Edwards and the manner in which they now hold property is irrelevant.
For the reasons stated herein Marc Edwards' motion for summary judgment is denied.
D'ANDREA, J.