[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff, the City of Milford ("the plaintiff"), has brought this action against the defendant, John L. Sheehan ("the defendant") seeking foreclosure on a lien on property allegedly owned by the defendant. The lien results from delinquent taxes owed the plaintiff by John Edward Sheehan ("the decedent"). CT Page 15028 According to the complaint, the defendant is the heir at law to the decedent.
On November 19, 1998, the defendant filed a motion to dismiss the plaintiff's complaint on the grounds that the court lacks both subject matter jurisdiction and personal jurisdiction over the defendant. Specifically, the defendant argues that the court lacks subject matter jurisdiction because, pursuant to General Statutes § 45a-353, the plaintiff is required to file a claim against the fiduciary of the estate of the decedent and cannot bring a claim directly against the defendant. Furthermore, the defendant argues that the court lacks personal jurisdiction over him because he is a nonresident and lacks sufficient contact to be served properly under General Statutes § 52-59b. The plaintiff objects to the motion to dismiss and argues that the court has both subject matter jurisdiction and proper personal jurisdiction over the defendant.
According to § 45a-353 et seq., claims against the decedents' estate must be brought to a fiduciary. Section45a-353, however, is inapplicable in the present case. "[T]he presentation of a claim [to a fiduciary] is not necessary when that claim is to an interest in real estate owned by a decedent at the time of his death and forming part of his estate."Dennen v. Searle, 149 Conn. 126, 140, 176 A.2d 561
(1961); see also Padula v. Padula, 138 Conn. 102,107-08, 82 A.2d 362 (1951) ("it is not essential for a mortgagee to present a claim to the administrator of the estate of the mortgagor in order to enforce his interest in the mortgaged property . . .").
Moreover, General Statutes § 45a-266 "provides that any property which is part of the decedent's estate and is subject to a lien or security interest at death, passes to the distributee subject to that encumbrance. The fiduciary is not required to discharge the lien or debt out of estate assets prior to distribution. Statutes 45a-266(a)." Needle v. Petrario, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 037816, 8 CONN. L. RPTR. 9 (November 19, 1992) (McGrath, J.). "The only interest that an administrator has in real property is the power to protect the rights of creditors of the estate. . . . the taxes due to the city in which the decedent owned real property must be paid . . . prior to the final settlement of the estate." (Citations omitted.) Tax Collector v. Miley,34 Conn. App. 634, 639, 642 A.2d 747 (1994). The court, accordingly, does CT Page 15029 have subject matter jurisdiction over the present case.
The court also has personal jurisdiction over the defendant. Section 52-59b(a)(4) allows the court to exercise personal jurisdiction over a nonresident who "owns, uses or possesses any real property situated within the state." In the present case, the plaintiff has alleged that the defendant is the heir at law to the decedent. Since the title to real estate passes at the moment of death; see Zanoni v. Hudon, 42 Conn. App. 70,76, 678 A.2d 12 (1996); the defendant owns the property in Connecticut and is subject to service as provided for by § 52-59b. See Budris v. Allstate Ins. Co.,44 Conn. App. 53, 57, 686 A.2d 533 (1996) ("Black's Law Dictionary defines `own' as to `have a good legal title' or `to possess'").
As the court has both subject matter jurisdiction and personal jurisdiction over the defendant, the defendant's motion to dismiss is denied.
The Court
Curran, J.