HARRY KERSHAW, JR. *v.* LUMBERMENS MUTUAL CASUALTY COMPANY

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 6-616-2443M

Argued December 7, 1962—decided June 21, 1963

*Joseph N. Perelmutter,* of Seymour, for the appellant (plaintiff).

*David M. Reilly, Jr.,* of New Haven, for the appellee (defendant).

LEVINE, J. The plaintiff brings this action on a family automobile liability insurance policy, claiming medical and hospital expenses under the medical services payment clause. The case was submitted to the lower court on a stipulated set of facts. The plaintiff, the son-in-law of the named policyholder, resided with his wife at the policyholder's home. The plaintiff, while operating a motorcycle, was involved in a collision with an automobile and as a consequence was injured and incurred hospital and medical expenses. The motorcycle was owned by the plaintiff's father but was regularly used by the plaintiff.

"Coverage C – Medical Payments," of the policy provides coverage for all reasonable expenses incurred within one year from the date of accident for, among other expenses, hospital and doctor bills. Under division 1 of "Coverage C," the named insured and each relative who resides in the policyholder's home and sustains "bodily injury" is covered by the policy. It is conceded that the plaintiff qualifies under this division of the policy. Under "Exclusions" in the same section of the policy appears the following: "This policy does not apply . . . to bodily injury . . . (b) sustained by the named insured or a relative (1) while occupying an automobile owned by or furnished for the regular use of either the named insured or any relative, other than an

automobile defined herein as an 'owned automobile' . . . ." The single question of law to be determined is whether the motorcycle operated by the plaintiff at the time of the accident is an automobile within the meaning of this section of the policy.

The applicable rule of construction of insurance policies is fully stated in *Porto* v. *Metropolitan Life Ins. Co.,* 120 Conn. 196, 200, as follows: "If the terms of an insurance policy are of doubtful meaning, that permissible construction which is most favorable to the insured is to be adopted; but if they are plain and unambiguous the established rules for the construction of contracts apply, the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning, and courts cannot indulge in a forced construction ignoring provisions or so distorting them as to accord a meaning other than that evidently intended by the parties. *Komroff* v. *Maryland Casualty Co.,* 105 Conn. 402, 405 . . . ." This rule is well recognized. *Aschenbrenner* v. *United States Fidelity & Guaranty Co.,* 292 U.S. 80, 84; *Plunkett* v. *Nationwide Mutual Ins. Co.,* 150 Conn. 203, 207; *Smedley* v. *Employers Mutual Liability Ins. Co.,* 143 Conn. 510, 513; *Porto* v. *Metropolitan Life Ins. Co.,* supra; *Fidelity & Casualty Co.* v. *Thames Ferry Co.,* 82 Conn. 475, 478; *Dover* v. *Standard Accident Ins. Co.,* 92 N.H. 59, 61. "When the words of an insurance policy are, without violence, susceptible of two interpretations, that which will sustain the claim of the insured and cover the loss must be adopted. In the light of this settled rule of construction, we must adopt, between two reasonably tenable constructions, that which is most favorable to the plaintiff, the insured. 'In the presence of a reasonable doubt we must resolve it in favor of the insured. Between two interpretations, we are required by the rule of legal construction to adopt that which will

sustain his claim.' " *Scranton* v. *Hartford Fire Ins. Co.,* 141 Conn. 313, 315.

The word "automobile" as used in the exclusion clause cannot be said to be ambiguous. It is a word constantly used in everyday life. It therefore follows where, as in this case, the terms of the insurance policy are clear and unambiguous, it is to be interpreted by the general rules governing the interpretation of any written contract. *Downs* v. *National Casualty Co.,* 146 Conn. 490, 494. An automobile is defined as a wheeled vehicle propelled by steam, gasoline or electricity and used for the transportation of merchandise or persons. Ballentine, Law Dictionary, p. 128; 5 Am. Jur. 517, Automobiles, § 3. A motorcyle is defined as a motor vehicle which runs on two wheels and which differs from a bicycle only in the fact of its being propelled by mechanical power and not muscular. Ballentine, op. cit., p. 837; *People* v. *Smith,* 156 Mich. 173, 174.

It is a matter of common knowledge that in ordinary conversation a motorcycle is not referred to as a car but is spoken of as a motorcycle. The term "motor driven car," as used in the policy, while applicable to an automobile, is not appropriate to describe a motorcycle. Note, 70 A.L.R. 1253. In *La-Porte* v. *North American Accident Ins. Co.,* 161 La. 933, 937, it was said: "A motorcycle is not known as a 'motor-driven *car,*' or as a 'motor*car,*' in the general and popular sense of that term." In *Salo* v. *North American Accident Ins. Co.,* 257 Mass. 303, 305, 306, the court said: "The word 'car' is ordinarily used in speaking of an automobile. It is a common expression describing an automobile. It is a matter of common knowledge that in ordinary conversations a motor cycle is not referred to as a car, but is spoken of as a motor cycle. The difference in the mechanical construction of auto-

mobiles and motor cycles does not indicate that a common designation would naturally apply to both. A motor cycle having ordinarily two wheels is a machine more in the nature of a bicycle equipped with motor power. . . . Obviously a bicycle equipped with a motor would not be a 'motor-driven car' although it would be a motor-driven vehicle."

The law presumes that the insurer and insured understood their contract as executed and that every intelligible condition embraced therein was inserted by design and intended to accomplish some material purpose. It is the duty of the court to construe the clear and plain terms and conditions of the policy according to their true meaning. *Brownstein* v. *New York Life Ins. Co.,* 158 Md. 51, 54. When the plaintiff's mother-in-law, the named insured, purchased the policy, she paid for coverage for medical payments for bodily injury, excluding bodily injury sustained while occupying an automobile owned by or furnished for the regular use of either the named insured or any relative, other than an automobile defined as an "owned automobile." To define a motorcycle as an automobile in the terms of the policy is to import into it by construction a vehicle which the parties could not have intended. The trial court erred in holding that the defendant was absolved by the exclusion clause from liability under the medical services payment coverage clause of the policy.

There is error, judgment is set aside and the case is remanded with direction to render judgment for the plaintiff to recover $500 from the defendant, this being the agreed amount of the damages.

In this opinion DEARINGTON and KOSICKI, Js., concurred.