[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 14, 1993, the plaintiff, Marla J. Keels, filed a two count complaint against the defendants, Dennis J. Henderson, Neal B. Cohen and Ed Thayer, Inc. (Thayer). Both counts allege that Henderson, while operating a tractor trailer owner by Cohen and Thayer, negligently caused his vehicle to hit Keels's vehicle. Count one further alleges that Cohen and Thayer, as owners of this vehicle, are responsible under the doctrine of respondeat superior. Count two further alleges that Cohen and Thayer are liable because at the time of the accident Henderson was acting as their agent. In its answer, Thayer admits that it owned the trailer, but denied that it owned the tractor.[1]
CT Page 79
Thayer moved (#110) for summary judgment on the ground that no genuine issue of material fact exists and that it deserves judgment as a matter of law. With its motion, Thayer filed an affidavit from Ed Thayer, its president.
"Pursuant to Practice Book § 384, summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' The party seeking summary judgment `has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law.' . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citation omitted; internal quotation marks omitted) Suarez v.Dickmont Plastics Corp. , 229 Conn. 99, 105-06, 639 A.2d 507 (1994). "In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." United Oil v.Urban Redevelopment Commission, 158 Conn. 364, 380, 260 A.2d 596
(1969).
Thayer contends that summary judgment should be granted in its favor because it has no connection, except for a contract between Cohen and it, to the other two defendants. Thayer is implicitly arguing that the owner of a trailer is not liable for accidents that are caused by the tractor. Cohen and Henderson argue that Thayer has not proven that it deserves judgment as a matter of law. Cohen and Henderson argue that General Statutes § 52-183 imposes liability on Thayer because Thayer is the owner of the trailer. Cohen and Henderson also contend that Thayer cannot establish that Thayer is not Henderson's principal.
"Once a trailer and tractor are attached and pulled over the highway by means of a motor, the trailer becomes an integral part of the unit and constitutes one motor vehicle." Dennler v. DodgeTransfer Corp. , 201 F. Sup. 431, 438 (D.Conn. 1962) (interpreting General Statutes § 52-183). Dennler establishes that Thayer owns a motor vehicle that allegedly caused the accident.[2]
General Statutes § 52-183 states "[i]n any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the CT Page 80 operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption." On a motion for summary judgment, an owner of a motor vehicle cannot rebut the presumption that the driver was operating the tractor trailer as the owner's agent or servant. Delvalle v. Koulouris, 9 Conn. L. Rptr. No. 73, 6, 77 (June 7, 1993) (Aurigemma, J.); Masse v.Jonah, 27 Conn. Sup. 206, 208-09, 233 A.2d 696 (Super Ct. 1967). See also Bogart v. Tucker, 164 Conn. 277, 320 A.2d 803 (1970).
Thus, Thayer has not met its burden of proving that no genuine issue of material fact exists. Whether Henderson was acting as Thayer's agent is undetermined and, accordingly, Thayer's motion for summary judgment is denied.