## ALAN SYLVESTRE *v.* UNITED SERVICES AUTOMOBILE ASSOCIATION CASUALTY INSURANCE COMPANY (14874)

Dupont, C. J., and Lavery and Spear, Js.

Argued April 16—officially released July 16, 1996

*Peter M. Appleton*, with whom was *Peter T. Evans*, for the appellant (plaintiff).

*Frederick M. O'Brien*, for the appellee (defendant).

*Jeffrey S. Wildstein*, and *Joram Hirsch* filed a brief for the Connecticut Trial Lawyers Association as amicus curiae.

*Lisa M. Faris* filed a brief for the Connecticut Defense Lawyers Association as amicus curiae.

DUPONT, C. J. The plaintiff, Alan Sylvestre, commenced this action against the defendant, United Services Automobile Association Casualty Insurance Company, seeking uninsured motorist benefits for injuries sustained when he was struck by an automobile while crossing the street. The trial court granted the defendant's motion for summary judgment from which the plaintiff appeals. We affirm the judgment of the trial court.

The trial court found that "[t]he parties agree[d] that the vehicle struck the plaintiff, that the driver stopped and waited for several minutes while the plaintiff sat down and walked around, that the plaintiff believed he would not need medical attention, and that the plaintiff ultimately sent the driver on his way." The plaintiff did

not ask for the driver's identification and did not note the license number of the driver's automobile. The plaintiff claims that at the time of his accident, he maintained an automobile liability insurance policy issued by the defendant. The policy's uninsured motorist provisions included coverage for injuries caused by a hit and run vehicle that hit a covered person or vehicle.[1]

The defendant sought summary judgment claiming that the plaintiff could not sustain his burden of proof that he was injured by an uninsured motorist. The trial court granted the defendant's motion for summary judgment and issued a memorandum of decision in which it determined: "It is difficult for this court to comprehend why an insurance company should have to pay for an insured's injury when that insured chose to dismiss the driver because he was more concerned with getting to class on time. On these facts, it is undisputed that the driver was available to the plaintiff. The driver waited while the plaintiff assessed his injury, but the plaintiff affirmatively dismissed him. Although cover-

---

[1] Part C of the insurance policy issued by the defendant described the policy's uninsured motorist coverage. The policy obligated the defendant to pay damages because of bodily injury arising "out of the ownership, maintenance or use of the uninsured motor vehicle." The policy defined the term "uninsured motor vehicle" as "a land motor vehicle or trailer of any type:

"1. To which no bodily injury liability bond or policy applies at the time of the accident.

"2. For which the sum of the limits of liability under all bodily injury liability bonds or policies applicable at the time of the accident is less than the sum of the limits of liability for Uninsured Motorists Coverage applicable to each vehicle for this coverage under this policy.

"3. Which is *a hit and run vehicle whose operator or owner cannot be identified and which hits:*

"a. *you or any family member;*

"b. a vehicle which you or any family member are occupying; or

"c. your covered auto.

"4. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:

"a. denies coverage; or

"b. is or becomes insolvent." (Emphasis added.)

age is available when the driver truly cannot be identified, the insured cannot choose to make sure that the driver is unidentifiable.[2] As this case shows, without eyewitnesses, the only time that information is available is at the time of the accident, and the claimant attested that his leg felt bruised *before* the driver left the scene. Because the plaintiff has not presented any evidence that supports his claim that the driver was unidentifiable or uninsured, the defendant's motion for summary judgment is granted." (Emphasis in original.)

We initially note the standard of review of a trial court decision granting a motion for summary judgment. Practice Book § 384 mandates that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A "material fact" is a fact that will make a difference in the result of the case. *Hammer* v. *Lumberman's Mutual Casualty Co.*, 214 Conn. 573, 578, 573 A.2d 699 (1990). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) *Suarez* v. *Dickmont Plastics Corp.*, 229 Conn. 99, 105–106, 639 A.2d 507 (1994).

---

[2] The parties stipulated that the owner or operator of the automobile that struck the plaintiff could not be identified after the operator left the scene of the accident.

"[C]onstruction of a contract of insurance presents a question of law for the [trial] court which this court reviews de novo." *Aetna Life & Casualty Co.* v. *Bulaong*, 218 Conn. 51, 58, 588 A.2d 138 (1991).

Under the provisions of the plaintiff's automobile liability insurance policy, the plaintiff may be entitled to uninsured motorist coverage if he was struck by a "hit and run vehicle" whose operator or owner cannot be identified. The parties have concentrated on the issue of whether a claimant seeking uninsured motorist coverage as a result of a hit and run vehicle has a duty to exercise reasonable diligence to ascertain the identity and insurance status of the operator of such a vehicle.[3] We conclude that the determinative issue in this appeal, as framed by the pleadings, is *not* whether the plaintiff had a duty to ascertain the identity and insurance status of the operator of the automobile that struck him, but rather whether the plaintiff was struck by a hit and run vehicle as set forth in the policy.

A review of the plaintiff's automobile liability insurance policy reveals that one of the components of the policy's definition of an uninsured motor vehicle is a hit and run vehicle whose owner or operator cannot be identified. The term hit and run vehicle, however, is not defined in the definitions section or anywhere else in the plaintiff's automobile liability insurance policy.

"Under our law, the terms of an insurance policy are to be construed according to the general rules of contract construction." *Simses* v. *North American Co. for Life & Health Ins.*, 175 Conn. 77, 84, 394 A.2d 710 (1978). If the terms of an insurance policy are plain and unambiguous, courts cannot indulge in a forced construction that distorts the meaning of a term so as

---

[3] The trial court framed the issue as "whether an insured has any obligation to ascertain the identity of a tortfeasor before requesting uninsured motorist coverage from his own insurance company."

to accord a meaning other than that evidently intended by the parties. *Kershaw* v. *Lumbermens Mutual Casualty Co.*, 2 Conn. Cir. Ct. 164, 166, 196 A.2d 817, cert. denied, 151 Conn. 720, 197 A.2d 937 (1963). "Policy language must be interpreted reasonably; words are to be given their ordinary meaning in order to deduce the intent of the parties." *Remington* v. *Aetna Casualty & Surety Co.*, 35 Conn. App. 581, 585, 646 A.2d 266 (1994).

We look to dictionary definitions to ascertain the ordinary meaning of a "hit and run vehicle." See *Wrin* v. *State*, 234 Conn. 401, 406, 661 A.2d 1034 (1995). The term has meaning in common parlance. "Hit-and-run," as it refers to the driver of a vehicle, has been defined as "guilty of leaving the scene of an accident without stopping to render assistance or to comply with legal requirements." Webster's Third New International Dictionary. It has also been defined as "[d]esignating or involving the driver of a motor vehicle who drives on after striking a pedestrian or another vehicle." American Heritage Dictionary (New College Ed. 1981). Because the driver of the vehicle that struck the plaintiff stopped to render assistance and because the plaintiff affirmatively acted to dismiss the driver from the scene of the accident, we conclude that the plaintiff was not struck by a hit and run vehicle. Accordingly, under the facts here, the policy's provisions for uninsured motorist coverage are inapplicable and we, therefore, do not reach the issue of whether the plaintiff had a duty to ascertain the identity and insurance status of the operator of the automobile that struck him.

We concur with the trial court's decision to grant the defendant's motion for summary judgment, although on a different basis. This court may, however, affirm a trial court's decision even though it is based on other grounds if the same result is required by law. *Kelley* v. *Bonney*, 221 Conn. 549, 592, 606 A.2d 693 (1992); *Brunswick* v. *Inland Wetlands Commission*, 25 Conn.

App. 543, 554, 596 A.2d 463 (1991), rev'd on other grounds, 222 Conn. 541, 610 A.2d 1260 (1992).

The judgment is affirmed.

In this opinion the other judges concurred.

