## ALAN SYLVESTRE v. UNITED SERVICES AUTOMOBILE ASSOCIATION CASUALTY INSURANCE COMPANY
## (15519)

Callahan, C. J., and Borden, Berdon, Norcott and Katz, Js.

Argued March 20—officially released April 22, 1997

*Peter M. Appleton*, with whom were *Morton W. Appleton* and, on the brief, *Peter T. Evans*, for the appellant (plaintiff).

*Frederick M. O'Brien*, for the appellee (defendant).

*Joram Hirsch* filed a brief for the Connecticut Trial Lawyers Association as amicus curiae.

*Opinion*

PER CURIAM. The plaintiff, Alan Sylvestre, a pedestrian, was struck in the leg by a slow moving vehicle while he was crossing a street at an intersection in Bristol. The vehicle that struck the plaintiff previously had been stopped at a stop sign at the intersection. After striking the plaintiff, the driver immediately brought his car to a halt, exited the vehicle and waited for several minutes while the plaintiff sat on a guardrail to compose himself and then walked about to test his leg. Thereafter the plaintiff, believing he was not seriously injured, sent the driver on his way without ascertaining his name or address or his vehicle's license number, and without obtaining insurance information. Later that day, the plaintiff began to experience pain in his knee and sought medical attention at Hartford Hospital, where he was treated and released.

The plaintiff subsequently filed a claim for uninsured motorist benefits pursuant to an insurance policy issued to him by the defendant, United Services Automobile

Association Casualty Insurance Company. The plaintiff's claim was based on the language in the uninsured motorist portion of his policy that provided for coverage where the insured person is injured in an accident involving "a hit and run vehicle whose operator or owner cannot be identified."

The defendant denied the plaintiff's claim, and the plaintiff subsequently commenced this action in the Superior Court. The defendant moved for summary judgment on the ground that the plaintiff had failed to prove that the driver of the vehicle that struck him was unidentifiable or uninsured. The trial court granted the defendant's motion, concluding that the plaintiff could not recover because he had affirmatively dismissed the driver without ascertaining his identity. The Appellate Court affirmed the trial court's judgment, concluding that the plaintiff was not struck by a "hit and run vehicle," as required by his insurance policy, because the driver had stopped to render assistance and had been affirmatively dismissed by the plaintiff. *Sylvestre* v. *United Services Automobile Assn. Casualty Ins. Co.*, 42 Conn. App. 219, 224, 678 A.2d 1005 (1996).

We granted certification limited to the following issue: "Is a motor vehicle a 'hit and run vehicle whose operator cannot be identified' if, after an accident, the driver stops and is permitted by the injured party to leave the scene?" *Sylvestre* v. *United Services Automobile Assn. Casualty Ins. Co.*, 239 Conn. 916, 682 A.2d 1014 (1996).

After examining the record on appeal and after considering the briefs and arguments of the parties, we conclude that the judgment of the Appellate Court should be affirmed. The issue on which we granted certification was properly resolved in the Appellate Court's thoughtful and comprehensive unanimous opinion. It would serve no purpose for us to repeat the

discussion contained therein. See *Gajewski* v. *Pavelo*, 236 Conn. 27, 30, 670 A.2d 318 (1996); *Sharp* v. *Wyatt, Inc.*, 230 Conn. 12, 16, 644 A.2d 871 (1994); *Whisper Wind Development Corp.* v. *Planning & Zoning Commission*, 229 Conn. 176, 177, 640 A.2d 100 (1994).

The judgment of the Appellate Court is affirmed.