[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, American National Fire Insurance Co., moves for summary judgment in this underinsured motorist coverage action. The basis for this motion is that the present suit was commenced by the plaintiff. John Fikiet, more than two years after the underlying motor vehicle accident occurred.
The following chronology is necessary to address this motion. The motor vehicle accident for which the plaintiff seeks underinsured coverage happened on September 25, 1993 . The plaintiff began an action to recover such insurance benefits from the defendant on September 19, 1995. That action was dismissed CT Page 5016 under the dormancy program provisions. On October 17, 1997, the plaintiff began this action seeking the identical recovery.
The defendant contends that, even if the present action satisfies the time requirements of G. S. § 52-592, the accidental failure of suit statute, the present action is barred by the time limitation set forth in the insurance contract between the parties. The pertinent contract language reads as follows:
 All claims or suits under [the underinsured motorist coverage section] must be brought within two years of the date of accident.
The defendant argues that, because the present action commenced more than four years after the date of the accident, the plaintiff's right to recovery, as a matter of law, must fail. The court disagrees.
Contractual provisions restricting the time for an insured's access to underinsured motorist coverage are valid. McGlinchey v.Aetna Casualty and Surety Co., 224 Conn. 133, 139 (1992). ln 1993, the two year limitation clause was proper, although statutory changes since that time have modified the effect of theMcGlinchey case, see G.S. § 38a-336(g).
The court perceives, however, that the plaintiff has fulfilled this contractual time obligation. Even though the original action was ultimately dismissed, that action appears to constitute a "claim" for underinsured motorist coverage. The phrase "claims or suits" could reasonably include the bringing of the original action. An ambiguity may exist as to whether the usage of "or" is disjunctive or conjunctive in this clause. If disjunctive, either giving notice of a claim or commencement of a suit within two years of the accident would comply with this provision. If conjunctive, any suit would have to begin within the two year period for recovery to be had.
When a provision in an insurance contract is capable of two interpretations, that which sustains coverage must be adopted.Griswold v. Union Labor Life Ins., Co., 186 Conn. 507, 512
(1982). The initiation of the dismissed action was a "claim" for access to underinsured motorist coverage by the plaintiff for the September 29, 1993, accident. Such claim was made within two years of that accident. CT Page 5017
In order to grant a summary judgment motion, the movant must establish that it is entitled to judgment as a matter of law.Solomon v. Gilmore, 48 Conn. App. 80, 85 (1998). The court holds that the defendant has failed to meet that burden in this case.
The motion for summary judgment is denied.
SFERRAZZA, J.