[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON RESPONDENT'S MOTION TO DISMISS
INTRODUCTION
The petition in this matter seeks disciplinary action against the respondent, a member of the bar. When the petitioner rested following its evidence, the respondent moved for dismissal for failure of the petitioner to make out a prima facie case, on the grounds described below. CT Page 1778
FACTS
The following facts have been admitted in the pleadings or established by the petitioner's evidence which, for purposes of this motion, is viewed in the light most favorable to the petitioner:
 The respondent was admitted to the Connecticut bar on February 13, 1957;
 On May 30, 1989, the respondent and one Mary Ellen Tomeo ("Tomeo") loaned $55,000 (the "mortgage loan") to William C. and Cheryl A. Gilmore (the "Gilmores"), taking as security for that loan a secondary mortgage[1] (the "mortgage") on real property owned by the Gilmores in Woodstock, Connecticut;
 On May 30, 1989, the respondent was not licensed by the state as a secondary mortgage lender pursuant to § 36a-510, et seq.;
 Section 36a-512 provides that a secondary mortgage loan in excess of $20,000 can only be made by a licensed secondary mortgage lender;
 Tomeo and the respondent brought an action to foreclose the mortgage (the "foreclosure action");
 In support of a motion for summary judgment filed by Tomeo and him, the respondent filed, in the foreclosure action, two affidavits, one executed by him on March 23, 1996 and the other (the "supplemental affidavit") executed by him on March 28, 1996.
The petition alleges that:
 1. In making the mortgage loan in violation of § 36a-512, the respondent violated what is now Rule 8.4(3) (the "rule") of the Rules of Professional Conduct, which provides:
 "It is professional misconduct for a lawyer to: . . . (3) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation . . ." and, CT Page 1779
 2. The supplemental affidavit is false because of its omission of certain information which the petitioner claims was material to the foreclosure action, so that by filing a false affidavit, the respondent committed a second violation of the rule.
The respondent moved to dismiss the petition on the ground that the petitioner was obligated to prove scienter; that is, knowledge by the respondent that the making of the mortgage loan violated § 36a-512, and on the ground that the petitioner did not establish that the supplemental affidavit contained an omission which was material to the foreclosure action.
DISCUSSION
 Scienter
The respondent first argues that, at the hearing on the petition, counsel for the petitioner made a judicial admission that scienter was an element of the petitioner's case, and that therefore, whether or not our law requires scienter, the petitioner thereby assumed the burden of proving scienter. Leaving aside the issue whether the petitioner would be bound by an admission of its counsel, the collaquy between the court and counsel on which the respondent relies for his claim of judicial admission makes it clear that no such judicial admission was made by counsel. In the give and take of argument to the court, after the petitioner had rested, counsel for this petitioner was obviously caught off guard when she said, at one point, "I think there has to be some knowledge." (T, 11-17-99, p 62) A few moments later, the following was said:
 "THE COURT: . . . It seems to me you've already said that you have to prove . . . knowledge of the violation of the statute in order to prove dishonest (sic) under section 8.4c.
 "Now . . . if you want to change your position, I'll entertain whatever you have to say. But if you claim, as you said some moments ago, that knowledge is an element of this violation, then where is the evidence of knowledge?
 "MS. REYNOLDS: Perhaps if I might have additional time to contemplate, and perhaps research the matter, if your Honor pleases. CT Page 1780
"THE COURT: Sure, do you want to file a brief?
 "MS. REYNOLDS: I would like to file a brief . . ." (T, 11-17-99, p 64)
In the absence of reliance by, or prejudice to, the respondent resulting from an unguarded remark by counsel for the petitioner, the court declines to find that the petitioner assumed the burden of proving scienter, if our law does not otherwise require it.
In In re Flanagan, 240 Conn. 157, 182, (1997), the court reaffirmed its position, as stated in Patterson v. Council onProbate Judicial Conduct, 215 Conn. 553 (1990), that scienter is not a necessary element for the commission of an ethical violation by a judge. From the following excerpt from Patterson, this court infers that the Supreme Court would also take the position that scienter is not required in order to establish an ethical violation by a lawyer.
 Judges no less than lawyers are chargeable for deviations from the codes governing their conduct, even though the application of the canon to particular circumstances may not be readily apparent. (Emphasis added.)
Id., at 567.
If judges are held to an objective standard of conduct "no less than lawyers," lawyers are obviously held to, at least, that same objective standard. Accordingly, the respondent need only have "intended to engage in the acts for which (he has been presented) without necessarily having (had) specific knowledge that such conduct (amounted) to a violation of one of the canons" in order to have violated the rule. In re Flanagan, 240 Conn. 157, 181
(1997).
The narrow question before the court is whether scienter is an element of the petitioner's case. In deciding that scienter is not an element of the petitioner's case, the court is expressly not deciding whether the defense of innocent action is available to the respondent.
Material Omission
The material omission issue begins with the Gilmores' third CT Page 1781 special defense to the foreclosure complaint, in which it is alleged that the respondent was not a licensed secondary mortgage lender when the mortgage loan was made and that, therefore, the mortgage was void. In response to that special defense, the respondent executed and filed with the court the supplemental affidavit which avers:
 "4. At the time of the making of the loan which is the subject of this foreclosure action, I was exempt from the license requirement of C.G.S. § 36a-511 (formerly § 36-224b) because I granted fewer than 5 secondary mortgage loans in the twelve consecutive months prior to the making of this loan, and I granted fewer than 5 secondary mortgage loans in the twelve months following the making of this loan. I did not make any loans in any twelve consecutive months where the aggregate of said loans exceeded $100,000.00.
 "5. I make these statements based upon my personal knowledge, information and belief."
The exemption which the respondent was attempting to invoke in the foreclosure action is contained in § 36a-521, which exempts from the secondary mortgage lender licensing requirement "persons granting five or fewer secondary mortgage loans within any twelve consecutive months, provided (A) the aggregate total of such loans does not exceed one hundred thousand dollars, (B) each individual loan does not exceed twenty thousand dollars and (C) such loans are written in compliance with § 36a-521."
The petitioner argues that the omission from the supplemental affidavit of reference to the statutory provision that "each individual loan does not exceed twenty thousand dollars" is material because the mortgage loan was for $55,000, and if reference had been made to the quoted portion of the statute in the supplemental affidavit, it would have been obvious to the court which heard the summary judgment motion in the foreclosure action that the respondent was not, in fact, exempt and that the mortgage was therefore void.
The respondent replies to that argument that:
 1. The materiality of the omission must be determined within the context of the foreclosure action, because the supplemental affidavit was filed in that action;
 2. The mortgage could be foreclosed even if the mortgage loan had been made by an unlicensed secondary mortgage lender; and,
 3. Ergo, the omission was not material to the foreclosure action.
By way of background, the court before which the foreclosure action was tried held that the mortgage, in spite of non-compliance by the respondent with § 36a-510, et seq., was enforceable, and the Appellate Court, in Solomon v. Gilmore,48 Conn. App. 80 (1998), affirmed the trial court. However, inSolomon v. Gilmore, 248 Conn. 769 (1999), the Supreme Court reversed the Appellate Court and held that a secondary mortgage loan made by a non-licensed, non-exempt secondary mortgage lender is not enforceable. Because the Supreme Court held that non-compliance with § 36a-510, et seq., makes a secondary mortgage unenforceable, whether the respondent was exempt from licensing was a critical, and therefore material, issue in the foreclosure action. Accordingly, the respondent's position on this issue fails.
CONCLUSION
The respondent's motion to dismiss is denied on all grounds.
G. Levine, J.