[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION FOR SUMMARY JUDGMENT)
The defendant, United States Fidelity and Guaranty Insurance Company, has filed a Motion for Summary Judgment pursuant to Connecticut Practice Book §§ 17-44, et seq., disputing that the plaintiff is entitled to uninsured motorists benefits pursuant to a motor vehicle insurance policy issued by the defendant U.S.F. G.
On May 1, 1996, the plaintiff was traveling westbound on Interstate 95, near exit 28, in Bridgeport, Connecticut. At that time and place, a tractor trailer attempted to pass the plaintiff on the lefthand side. During this attempt to pass the plaintiff, the tractor trailer came into contact with the plaintiff's car. As a result of this collision, the plaintiff claims that she sustained physical injuries. At all times mentioned herein, the plaintiff was insured by U.S.F. G. In Count Two of her complaint, the plaintiff brought suit against U.S.F. G. alleging she was struck by an unidentified tractor trailer, and thus she is entitled to uninsured motorist benefits. In Count One of her complaint, the plaintiff has pleaded alternatively that she was struck by a tractor trailer owned by Jevic Transportation CT Page 2668 and operated by Ralph Amari.
The accident occurred on May 1, 1996. At that time, the plaintiff, in reporting this matter to the Connecticut State Police, could not identify the vehicle which she alleges struck her vehicle. Subsequently, on February 1, 1997, the plaintiff made a supplemental report to the Connecticut State Police, wherein she reported that the truck that struck her belonged to Jevic Transportation and the truck number was 28507. The Connecticut State Police contacted Jevic Transportation which denied their truck was involved in the accident. Subsequently, the Connecticut State Police contacted the driver — defendant Ralph Amari, and defendant Amari stated that he was unaware of any accident in Connecticut on May 1, 1996. The Connecticut State Police were unable to reach any conclusions regarding the involvement of Jevic Transportation or its driver, Ralph Amari, regarding the accident the plaintiff had on May 1, 1996.
At a deposition of the plaintiff held on December 7, 1998, the plaintiff identified the tractor trailer 28507 as the vehicle that struck her auto. That tractor trailer was owned by Jevic Transportation and was being driven in Connecticut on that date by defendant driver Ralph Amari.
The U.S.F. G. policy insuring the plaintiff on the subject date defines "uninsured motor vehicle" in part:
 "1. Uninsured motor vehicle means a land motor vehicle or trailer of any type;
 2. Which is a hit and run vehicle whose operator or owner cannot be identified, and which causes an accident resulting in bodily injury without hitting:
a. you or any `family member;'
 b. a vehicle which you or any family member are occupying; or
c. your covered auto.
The defendant, U.S.F. G., requests that summary judgment be granted in its favor regarding Count Two. Defendant U.S.F. G. states that the plaintiff has sought uninsured motorist benefits claiming that an "unidentified" tractor trailer caused her CT Page 2669 injuries. However, U.S.F. G. points out the plaintiff has now identified the tortfeasor as Jevic Transportation and its driver, Ralph Amari. Thus, she cannot claim uninsured motorist benefits as a result of a collision with an "unidentified" hit and run vehicle. The defendant U.S.F. G. asks the court to grant it summary judgment as a matter of law, pursuant to the terms of the plaintiff's contract for insurance with the defendant U.S.F. G.
The plaintiff objects to the granting of a summary judgment stating that, while the plaintiff has done her best to identify the vehicle that struck her, the defendant, Jevic Transportation, and defendant driver, Ralph Amari, have consistently denied allegations regarding a collision with the plaintiff in deposition testimony.
The plaintiff claims that there is a genuine issue of fact regarding the identity of the vehicle that struck the plaintiff, and that for this reason U.S.F. G.'s Motion for Summary Judgment should be denied.
Summary judgment is appropriate only when the pleadings, affidavits, and other proof demonstrate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Connecticut Practice Book § 17-49;Willard v. Travelers Ins. Co., 247 Conn. 331, 340 (1998); HomeInsurance Co. v. Aetna Life and Casualty Co., 235 Conn. 185, 202
(1995)
The party advocating summary judgment "has the burden of showing the absence of any genuine issue as to al the material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law." Spencer v. GoodEarth Restaurant Corp. , 164 Conn. 194, 197 (1972). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Miller v. United Technologies Corp. ,233 Conn. 732, 751-752 (1995). When deciding a motion for summary judgment, the trial court views the evidence in a light most favorable to the non-moving party. Haesche v. Kissner, 229 Conn. 213, 217
(1994); Connecticut Bank and Trust v. Carriage Lane Assoc.,219 Conn. 772, 781 (1991)
In order to oppose a motion for summary judgment, the opposing party must cite specific contradictory facts, supported by counter affidavits and concrete evidence. Pion v. Souther NewCT Page 2670England Telephone Company, 44 Conn. App. 657, 663 (1997). The opposing party must present evidence to demonstrate that a genuine issue of material fact exists. Haesche, supra, 217.Connecticut Bank and Trust, supra, 781.
The defendant, U.S.F. G., relies upon the case of Sylvestrev. United Service Automobile Association Casualty Insurance Co.,42 Conn. App. 219 (1996) for guidance on this issue of whether the plaintiff can claim uninsured motorist coverage for a collision with a hit and run driver, where the plaintiff has identified the driver. In Sylvestre, the plaintiff was a pedestrian who was crossing a street when he was struck by an auto. He sought uninsured motorist benefits from being struck by a hit and run vehicle. The driver of the vehicle, however, had stopped and waited until the plaintiff, believing he was not injured, allowed the motorist to leave. The plaintiff took no steps to ascertain the identity of this motorist. The Appellate Court upheld the granting of summary judgment because the plaintiff affirmatively dismissed the tortfeasor from the scene.
In effect, the plaintiff had the ability to identify the tortfeasor, but failed to do so. Thus, the motorist could not be considered a hit and run driver which would trigger uninsured motorist benefits.
The plaintiff argues that U.S.F. G.'s trust in Sylvestre,42 Conn. App. 219 (1996) is misguided and this court agrees. The instant case is a hit and run case. The truck driver who struck the plaintiff, Vining, did not stop and was never available to the plaintiff.
The defendant, U.S.F. G., also cites Carry v. Robinson,427 S.E.2d 507 (Ga.App. 1993). In that case, the passenger, who was asleep at the time of the accident, brought an action against the alleged driver and the uninsured motorist carrier to recover for personal injuries. The court granted summary judgment for the uninsured insurance carrier. The plaintiff in that matter had claimed that the accident was caused by an unidentified driver. However, other passengers in the vehicle did identify the tortfeasor. As the tortfeasor was identifiable, the uninsured motorist carrier was granted summary judgment.
Carry v. Robinson, 427 S.E.2d 507 (Ga.App. 1993) actually involved an identification of the tortfeasor by the defendant, and not the plaintiff. The plaintiff had submitted no evidence CT Page 2671 that an unknown driver caused the wreck. Affidavits submitted by the defendants indicated that an identified individual had caused the wreck. Because the plaintiff had submitted no evidence as to the existence of an unidentified vehicle, summary judgment was granted. Carry, 427 S.E.2d at 169. The court agrees with the present plaintiff, Vining, that in this matter the plaintiff has named Jevic and Amari as parties, and they deny involvement in the accident with the plaintiff, Vining. The plaintiff in the instant action has submitted evidence that there is a triable issue as to the identity of the driver who struck the plaintiff.
The defendant further contends that its policy is inapplicable because the driver who caused the collision has been identified. The court has reviewed the two Connecticut State Police reports and the transcript testimony of the respective parties and the evidence does not identify the driver as a matter of law, precluding summary judgment.
Connecticut courts recognize that issues of negligence are not ordinarily susceptible of adjudication by summary judgment, but should be resolved at trial. Fogarty v. Rashaw, 183 Conn. 442,446 (1984). Litigants have a constitutional right to have issues of fact decided by a jury. Michaud v. Gurney, 168 Conn. 431, 434
(1975)
The plaintiff, has attempted to identify the tractor trailer that struck her by giving information regarding the truck number, nine months after the accident, and subsequently in sworn deposition testimony. The defendants, Jevic Transportation and Ralph Amari, have denied her allegations. Physical evidence regarding the defendants appears to be nonexistent, and the plaintiff's identification of the defendant's truck is subject to attack. The Connecticut State Police investigation was unable to reach a conclusion as to an identification of the defendant's truck and driver as the hit and run vehicle.
The court is convinced that there are genuine material issues of fact to be resolved regarding the identification of the hit and run vehicle despite the plaintiff's efforts to assist her insurer, the U.S.F. G.
Accordingly, the plaintiff should not be penalized for her efforts to attempt to identify the hit and run vehicle. The Motion for Summary Judgment is hereby denied. CT Page 2672
The Court By ARNOLD, J.