[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, as the subrogee of its insured, commenced this action against defendants Brian H. Jones and Rosemary M. Jones seeking damages in connection with an automobile accident which occurred on or about July 7, 1997. The complaint seeks to hold defendant Brian H. Jones liable as the operator of the vehicle and defendant Rosemary Jones liable as the owner of the vehicle.
Defendant Rosemary M. Jones has filed a Motion for Summary Judgment in which she claims that she was not the owner of the vehicle at the time of the accident and, therefore, cannot be held liable for any damages resulting therefrom. In support of her claim, she submits an affidavit indicating that, although she and defendant Brian H. Jones had been husband and wife, they separated in March of 1995; she transferred title to the vehicle in question to Brian in September of 1996 and a decree dissolving their marriage entered in January of 1997 (approximately six months prior to the accident which is the subject of this action). She further alleges that, at all times relevant to this matter, she and Brian lived in different residences. She attaches to her affidavit the certificate of title, bearing both her and Brian's signatures, purporting to reflect a transfer of the same on September 25, 1996; a bill of sale bearing her signature, but not Brian's, purportedly dated September 25, 1996; an application for Connecticut registration bearing her signature but otherwise undated and bearing the legend "void unless validated by Connecticut DMV"; and an inspection report for the vehicle. It appears from the pleadings that, irrespective of what documents may have been exchanged between the defendants, nothing was ever filed with the Department of Motor Vehicles and, accordingly, defendant Rosemary was the registered owner of the vehicle on the date of the accident.
Summary judgment is appropriate "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any CT Page 8961 material fact and that the moving party is entitled to judgment as a matter of law. A material fact is a fact that will make a difference in the result of the case. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (citations omitted, internal quotation marks omitted.) Sylvestre v. United ServicesAutomobile Assn., Casualty Ins. Co., 42 Conn. App. 219, 222 (1996), aff'd. 240 Conn. 544 (1997)
Connecticut courts have had numerous occasions to construe the word "owner" insofar as motor vehicles are concerned.
 Our courts have "defined "owner' as any person holding title to a motor vehicle. . . . In the case of a privately owned car, this definition has been applied through the certificate of registration. The certificate, in a particular person's name and identifying a particular vehicle, warrants [although it does not compel] a finding of ownership of that vehicle by the person in whose name the car is registered. . . . Registration of a car constitutes a public declaration of ownership. . . . However . . . this declaration is [not] conclusive as to title. It is merely evidence of ownership, to be considered in connection with other evidence in the case upon that issue.
Budris v. Allstate Ins. Co., 44 Conn. App. 53, 58 (1996). Hence, the issue of ownership involves a factual determination based upon all of the evidence. It is important to note that, absent some extraordinary circumstance, compliance with the statutory requirements regarding vehicle registration would have put the issue of ownership to rest. Rosemary's failure to adhere to these requirements, or see to it that they were adhered to, creates the factual issue. The Court also recognizes that it is typically incumbent upon the party opposing summary judgment to meet the allegations contained in the affidavit accompanying the summary judgment motion. That requirement is relaxed however, where, as here, the allegations (including the timing of the preparation and delivery of title documents) are known only to the defendants. Nolan v.Borkowski, 206 Conn. 495, 504 (1988) CT Page 8962
Should the trier of fact determine that defendant Rosemary was the owner of the vehicle on the date in question, that determination would trigger the applicability of General Statutes § 52-183 which provides that the operator of a vehicle involved in an accident is presumed to be the agent and servant of the owner of the motor vehicle. The defendant owner then bears the burden of rebutting that presumption. Although Rosemary's affidavit, in addition to raising an issue regarding ownership of the vehicle (an issue of fact for trial as noted above), may be further designed to rebut the statutory presumption, other trial courts have determined that, notwithstanding such proffered defense evidence, the statutory presumption creates, and thus reserves for trial, a factual dispute (of agency) which, of course, is clearly material to these proceedings. See Shira v. Progressive Casualty Ins. Co., (Judicial District of Waterbury, Docket No. 134179) (March 21, 1997, Pellegrino, J.); Doonan v. Clark, (Judicial District of Stamford/Norwalk at Stamford, Docket No. 148729) (October 21, 1997, Nadeau, J.); Keels v.Henderson, 13 CLR 236 (January 5, 1995, Lewis, J.); Lanier v. Jones,8 C.S.C.R. 901 (July 30, 1993, Ballen, J.); and Dalvalle v. Koulouris,8 C.S.C.R. 625 (April 30, 1993, Aurigemma, J.).
The issue before the Court at this juncture is not to determine how it would rule if presented with the evidence at trial. Rather, as noted above, it is simply to determine whether there exists a genuine issue of material fact. The fact that the vehicle was registered in the name of Rosemary M. Jones on the date of the accident and the statutory presumption noted above present issues of ownership and agency to be determined at trial.
Accordingly, the Motion for Summary Judgment is denied.
Solomon, J.